CUMMINGS, *Appellant*, v. WINN.

1. **Bank, Insolvency of:** LIABILITY OF OFFICER RECEIVING DEPOSIT. Any bank officer who violates the provisions of section 918, Revised Statutes, by receiving deposits for his bank, or by assenting to the same, with knowledge that the bank is insolvent or in failing circumstances, is individually responsible for such deposits so received, and the depositor may maintain an action against such officer for the amount of his deposit.

2. —— : —— : PRACTICE. The depositor and not the assignee of the bank is the proper party to institute the suit authorized by Revised Statutes, section 918.

3. **Practice :** RIGHT: REMEDY. When the law gives a right, but prescribes no remedy, any common law remedy may be resorted to to enforce such right.

*Appeal from Knox Circuit Court.*—HON. BEN. E TURNER, Judge.

REVERSED.

*Berry & Thompson* for appellant.

It is conceded that for any acts of *nonfeasance* or

breach of duty by the bank officer toward the corpora-
tion, the right of action goes to the assignee by the deed
of assignment, and although a creditor may have been
injured, his injury is common to all the creditors; but
it is insisted that for positive acts of intentional fraud
and *misfeasance*, such as stated in the petition, and by
and through which an individual has sustained injury,
the injured party has his individual action against
the guilty agent. for his damages.   Thompson's Lia-
bility of Officers and Agents of Corporations, 352,
353, 380, 381; sections 21 to 25, both inclusive, of
notes, p. 395, of same author; Morse on Banks and
Banking, 137.   The agent is individually responsible
and if the corporation, *i. e.*, the directors, participate in
the wrongful acts, both the agent and the principal may
be liable on familiar principles of the law of principal
and agent.   Thompson, *supra*, 352; *Phelps v. Wait et
al.*, 30 N. Y. 78.   It is not necessary that the false
representations be made directly to. the plaintiff, but
sufficient if made to the public.   Cooley on Torts, 494;
Thompson, *supra*, 405, 406, and authorities cited in
notes 1 and 2, p. 406; *City Bank v. Phillips*, 22 Mo. 85;
*Morgan v. Skiddy*, 62 N. Y. 319; *Cazeaux v. Mali*, 25
Barb. 578.

*Williams & Jones* and *Sears & Guthrie* for re-
spondent.

(1)   Can the petition be good as a declaration for
deceit?   The only claim of any representation, false or
otherwise, that ever came to the knowledge of appellant,
is the alleged statement under sections 909 and 910, Re-
vised Statutes, 1879, and the allegations in reference to
said statement are too loose and uncertain.   The court
is left to conjecture whether the statement complied
with the requirements of said sections.   The petition
only purports to set out the statement substantially,

which will not do. The court cannot ascertain from the allegations of the petition what was the relation of respondent to said statement. It is not alleged whether the statement appeared in the newspaper as a voluntary advertisement, or in compliance with the provisions of the statute. The allegations as to the time of making said statement are too indefinite and uncertain and the petition is fatally defective in the assignment of the falsity of the representation. The petition shows no sufficient reason why appellant should have put any reliance in said statement, or have believed respondent "a prudent and cautious business man." 2 Chitty on Pleading (11 Am. Ed.) 688, *et seq.;* 1 Abbott's Forms, 433, *et seq.*, forms 527, 528, 530 and 531; 1 Nash's Pleading and Practice (4 Ed.) 532, form 201; *Duffy v. Byrne*, 7 Mo. App. 417; *Dunn v. White*, 63 Mo. 181, 186; *Hill v. Miller*, 36 Mo. 182, 194; Bigelow on Fraud, 450 *et seq.; Voorhees v. Bonesteel*, 16 Wall. 16; *Noonan v. Lee*, 2 Black, 499; *Atlantic Delaine Co. v. James*, 94 U. S. 207; *Rutherford v. Williams*, 42 Mo. 18, 24; *Hager v. Grassman*, 31 Ind. 223; *Smith v. Webb*, 64 N. C. 541; 2 Addison on Torts (Wood's Ed.) 401; last paragraph of note. (2) Respondent cannot be liable until the bank has been exhausted; for aught that appears in the petition, the assignee may yet, before final settlement, find sufficient assets to pay appellant in full. There was no damage at the institution of the suit. Thompson on Liability of Officers and Agents of Corporations, p. 462, sec. 23; *Rutherford v. Williams*, 42 Mo. 18, 24; *Freeman v. Venner*, 120 Mass. 424. (3) Appellant, as shown by his petition, has elected to pursue the bank's assets, and cannot renounce that and pursue respondent. The assignee is the proper person to sue respondent for this waste. There is no allegation that the assignee was ever asked, or that he refused to sue. A bill may be filed by a creditor after the receiver (or assignee) has

refused to sue. The receiver (or assignee) must be a defendant and the bill must be for the benefit of all stockholders and creditors. *Ackerman v. Halsey*, 17 Cent. Law Journal, 433; *Weatherbee v. Baker*, 35 N. J. Equity Reps. 501; *Schley v. Dixon*, 24 Ga. 273; *Cunningham v. Peel*, 5 Paige Chancery, 607, 612; *Robinson v. Smith*, 3 Paige, 223; Morse on Banks and Banking, 133, 134, 135, 136, 502, 503; *Smith v. Hurd*, 12 Met. 371; *Charitable Corp. v. Sutton*, 2 Atkyns, 400; *Hodges v. Screw Co.*, 1 R. I. 312; *Graves v. Gouge*, 69 N. Y. 154; *Zinn v. Mendel*, 9 W. Va. 580.

HENRY, C. J.—The plaintiff alleged in his petition, that, in 1873, the Macon Savings Bank, at Macon, Missouri, was incorporated as a banking institution, and conducted a banking business, until February, 1882. That defendant, was, from the date of its incorporation, to February, 1882, a director and managing officer of said bank. That said bank was insolvent, from 1874, continuously to the date of its suspension, fifteenth of February, 1882. That defendant knew that said bank was all that time insolvent, and that its assets were being mismanaged, wasted and made way with.

That said bank, at no time had money, or other available assets to carry on its business, except the money of its depositors. That the directors, officers and managers, from time to time, while said bank did business, as aforesaid, took the deposits, money and effects of said bank, and loaned it, and appropriated it to themselves, and to each other, to an amount of at least $150,000, without securing the same, being themselves insolvent, so that said sum and more was lost to the bank, all of which defendant knowingly and negligently permitted to be done, without objection, and that, at the time of its suspension it was indebted in the sum of about $275,-000, and did not then have assets to an amount exceeding $50,000, and that all of said acts of the officers of

said bank, were at all times known to defendant, and that he fraudulently and knowingly helped to carry out their fraudulent schemes. That, knowing the insolvent condition of the bank, defendant, intending to deceive plaintiff and others depositing money in said bank, in the month of September, 1881, caused to be made out what purported to be a financial statement of the condition of the bank, which, stating the items, showed an aggregate of assets of $341,403.61, and of liabilities $232,820.79.

That; included in said statement of the bank's resources, the larger proportion consisted of insolvent and worthless notes, made by six parties named who were officers, agents, and managers of said bank, and other worthless notes and railroad bonds, aggregating $191,-000, or more. That defendant, knowing the above facts, signed and certified said false statement to be true and correct, and had it published in the newspapers then circulating in Macon county. After divers other allegations of fraudulent acts on the part of the officers of said bank, done with the knowledge and connivance of defendant, plaintiff proceeds to allege that, at the date of that publication, he was a stranger to defendant and the other officers of the bank, and had no knowledge of its condition, but in September, 1881, desiring to deposit some money for safe keeping, saw and read the statement aforesaid, and believing it to be true, and relying thereon, and believing that defendant was a prudent and cautious business man, and had truly certified the available resources of said bank, and believing from said statement that it was solvent, he deposited therein about nine hundred dollars which he lost, and asks judgment therefor with interest against defendant. The court sustained a demurrer to the petition, and rendered a judgment for defendant from which plaintiff has appealed.

Section 918, Revised Statutes, 1879, provides that:

"No president, director, manager, cashier, or other officer, or agent of any bank, or banking institution, organized and doing business under the provisions * * * of any law of this state, shall receive, or assent to the reception of, deposits, or create, or assent to the creation of, any debts by such bank, or banking institution, after he shall have had knowledge of the fact that it is insolvent, or in failing circumstances. Every person violating the provisions of this section shall be individually responsible for such deposits so received, and all such debts so contracted."

The proposition, that, even conceding the liability of defendant, under that section, the assignee of the bank is the proper person to institute the suit, is not maintainable. The wrong complained of has not injured the bank, but, on the contrary, has increased its assets. The only person injured, is the depositor. The statute makes the person violating its provisions responsible for such deposits, etc. To whom? Not the bank. The deposit is a debt due from the bank. The assignee succeeds to the right of the bank, but the bank had no demand against a director for violating the provisions of this section. This section was passed in order to enforce section 27, article 12, of the constitution of 1875, which this court held, in *Fusz v. Spaunhorst*, 67 Mo. 256, was not self-enforcing. I concurred in that opinion, but am now satisfied, speaking for myself, that we erred in so holding. *Householder v. City of Kansas*, 83 Mo. 488. It declares that: "Any such officer, agent, or manager, shall be individually responsible for such deposits so received, and all such debts, so created with his assent." In the first clause, it declares that "it shall be a crime, the nature and punishment of which shall be prescribed by law," to do the acts mentioned therein—the same that are named in section 918, *supra*.

That portion of the section is clearly not self-enforcing—but it does not follow, that the last clause is not.

It declares the individual responsibility of the guilty officer—confers a right upon the depositor, or creditor, to recover of such officer his debt, or deposit.   When the law gives a right, but prescribes no remedy, any common law action may be resorted to, adapted to the case, and, under our code, there can be no difficulty as to the remedy.   We have in this state, "but one form of action for the enforcement, or protection of private rights, and redress, or prevention of private wrongs, which shall be denominated a civil action."   Sec. 3641. The petition shall contain :   "A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition."   Sec. 3511.   The constitution gives the right, and our code supplies a remedy.   The statute was enacted to enforce the above constitutional provision, and it contains everything essential to confer the right of the depositor, and it was unnecessary to prescribe the remedy, for that is found in the code and the common law. "*ubi jus ibi remedium.*" *Householder v. City of Kansas*, 83 Mo. 488; 1 Addison on Torts [Wood's Ed.] p. 57, sec. 51 ; *Tapley v. Forbes*, 2 Allen, 24 ; *Knaulton v. Ackley*, 8 Cush. (Mass.) 97 ; *Stearnes v. Railroad*, 46 Me. 114; Cooley on Torts, 19.

The petition filed by plaintiff is unnecessarily lengthy, and the substantial averments might have been pleaded on one page of legal cap paper.   We think it contains all that is necessary to state a cause of action under section 918, *supra*, and that the circuit court erred in holding otherwise, and, therefore, reverse the judgment and remand the cause.   All concur in the result.