(90 South. 765)

No. 24950.

**STATE v. HUNSICKER et al.**

(Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **States ⬥80(1)—Action against Treasurer and surety for cost of auditing and posting books not based on retroactive statute.**

Under Rev. St. § 3769 et seq., relative to the duties of the State Treasurer, and Acts Nos. 29 and 38 of 1920, authorizing the Governor to have a former treasurer's books posted and audited, a suit against the Treasurer and his surety to recover the expenses of such posting and auditing is not, as claimed, based on a statute retroactively imposing duties on the treasurer.

2. **States ⬥79—May sue Treasurer for cost of having books posted because of his failure to do it.**

A state suffering special injury from the delinquency of one of its officers, such as the failure of its Treasurer to post his books, causing it to incur expense to have them posted, may sue for the damages resulting from his breach of his statutory duty.

3. **States ⬥79—Cost of auditing Treasurer's books not recoverable from him.**

The expense incurred by the state in auditing the books of a former Treasurer is not recoverable from the Treasurer, as the duty of auditing the books was not imposed by law on the Treasurer.

4. **States ⬥80(1)—Treasurer's surety liable for expense incurred by state because of Treasurer's failure to post books.**

The surety on the bond of a State Treasurer conditioned that he should well and truly perform all and singular the duties incumbent on him is liable to the same extent as the Treasurer for his nonperformance of the duty of posting his books, causing the state to incur expense for the purpose of having them posted.

O'Niell, J., dissenting in part.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Suit by the State against Henry Hunsicker and another. From a judgment dismissing the suit on an exception of no cause of action, plaintiff appeals. Affirmed in part and set aside, and exception overruled in part.

A. V. Coco, Atty. Gen., and Paul A. Sompayrac, Asst. Atty. Gen., for the State.

W. Carruth Jones and C. C. Bird, Jr., both of Baton Rouge, for appellees.

PROVOSTY, C. J. After defendant's retirement from the office of State Treasurer it became necessary for the state to incur $4,771.73 of expense in causing the State Treasurer's books for part of the time he was in office to be posted and audited; and this suit is to recover of him and of the surety on his official bond that amount, as being the necessary cost of work which it was the duty of the Treasurer to do while in office, and which he failed to do.

By Acts 29 and 38 of 1920 the Governor was authorized to have this work done, and an appropriation was made to defray the expense of the audit part of it.

An exception of no cause of action was sustained below, and the suit dismissed.

[1] The first ground of the exception is that the suit is founded upon the said Acts 29 and 38, and that the Legislature could not retroactively impose duties upon the Treasurer.

Suffice it to say of this ground that the suit is not founded upon said acts, but upon the alleged fact that the state had to spend

this money for having work done which under the law (R. S. § 3769 et seq.) in force at the time defendant was in office defendant was obligated to do and was paid for doing, and which he failed to do.

[2] The other ground is that the relation between the state and her officers is not contractual;[1] and hence that for failure of one of her officers to perform some ministerial duty no right of action arises in her favor against the officer.

The law may be said to be well settled to the effect that delinquency in a ministerial duty on the part of an officer gives rise to a civil action against the officer in favor of any person who suffers special injury therefrom. Why, if the state suffers special injury from such delinquency, she may not in a like manner be entitled to indemnification, we do not see. The suit is not then contractual, but in damages resulting from the breach of a statutory duty due to her.

[3] The expense in question, however, was incurred in part for auditing the books—a duty not imposed by law on the treasurer. As to the auditing part of the expense, therefore, the exception of no cause of action was properly sustained.

[4] The condition of the bond of the surety being that the officer "shall well and truly perform all and singular the duties incumbent upon him," the surety is, of course, liable in the same measure as the officer for nonperformance of duty by the officer.

The judgment appealed from is therefore affirmed in so far as the strictly auditing part of the expenses sued for is concerned, and it is set aside, and the exception of no cause of action overruled in all other respects; the costs of appeal to be paid by defendants.

O'NEILL, J., hands down a separate opinion to the effect that the exceptions of no cause of action should be overruled.

O'NIELL, J. (concurring in part). This suit was brought against a former State Treasurer and the surety on his official bond to recover $3,771.73, alleged to have been expended by the Governor for auditing and posting the ex-Treasurer's official books and records. The suit was dismissed on exceptions of no cause of action, and the state has appealed.

The condition of the bond, which is annexed to the petition and made a part of it, was that the Treasurer should "well and faithfully perform all and singular the duties incumbent upon him by reason of his election or appointment as said Treasurer of the state of Louisiana."

It is alleged that the loss or expense incurred by the state was caused by the negligence and fault of the Treasurer in failing and neglecting to perform duties that were incumbent upon him by virtue of his office.

The petition contains a recital of the official duties of the State Treasurer with regard to the keeping of his books and records, his reporting to the Governor and to the Legislature at each regular session, his duty to publish quarterly statements in the official journal, etc., and the penalty for a failure to perform any of such duties, all as prescribed in sections 3769 to 3773, inclusive, of the Revised Statutes. It is alleged that the ex-Treasurer did not post the books or keep the records and accounts which the law required him to keep, and that, by reason of his failure and neglect in that respect, he made it impossible for him to render the report which the law required him to render to the Governor and to the Legislature at the beginning of the regular session of 1920, all of which appears to have been admitted in a letter alleged to have been written by the ex-Treasurer to the Governor, which is annexed to the petition and made a part of it. It is alleged that, after due and repeated demands made by the Governor upon the Treasurer,

and after being authorized by a resolution of the Legislature, he, the Governor, employed a firm of certified public accountants or auditors to audit the books and records of the Treasurer's office, which audit, it is alleged, was made necessary by the failure and neglect of the Treasurer to keep his books posted and his records in order, as the law required. It is alleged, finally, that the account sued on is the bill rendered by the auditors for their services and expenses, which bill, it is alleged, was paid by the Governor, pursuant to the resolution of the Legislature.

It is argued on behalf of defendants and was maintained by the district judge, that this suit is founded upon the concurrent resolution (Act 29 of 1920) authorizing the Governor to employ the accountants, and upon Act 38 of 1920, appropriating the money to pay the expense of the audit. Hence it is contended, and the district judge sustained the contention, that the suit is upon an obligation which was imposed by statutes enacted after the Treasurer's term of office had expired. But that is a mistake. The resolution and appropriation referred to did not impose any obligation upon the ex-Treasurer. The official duties which he is charged with having neglected, and from the neglect of which this cost or expense is alleged to have resulted, were imposed by statutes which existed before the term of office commenced.

Executive officers, other than the chief executive, are liable to civil actions for misconduct or neglect in the performance of their ministerial duties. Throop on Public Officers, p. 672, § 712. The liability of the surety on an official bond is determined by the terms and conditions of the bond and of the statute requiring it. If the condition of the bond be that the principal shall faithfully perform all of his official duties, his neglect to perform a ministerial duty, even without corruption on his part, is a violation of the condition. 29 Cyc. 1454. Section 3773 of the Revised Statutes, as amended by Act No. 40 of 1877, declares that a violation of any of its provisions regarding the Treasurer's duty of keeping accounts, etc., shall be a misdemeanor and malfeasance in office, and that the penal clause therein provided "shall not impair or affect * * * such civil remedies as may be instituted to recover such damages or losses as may have been sustained by the state, growing out of such misdemeanor and malfeasance." Whether the ex-Treasurer did or did not violate any of the provisions of the law referred to is a matter to be determined on trial of the case upon its merits.

Defendants also contend—and that contention was also maintained by the judgment appealed from—that it was the official duty of the supervisor of public accounts to do the work which the Governor employed the certified accountants to do. But I do not find any provision in the statute referring to the office of supervisor of public accounts (Act 109 of 1918) that can be construed as imposing upon that official the duty of auditing or posting the books of the State Treasurer when he has failed or neglected to do the work.

It is contended finally on behalf of defendants that the services alleged to have been rendered and the expenses alleged to have been incurred were far more extensive than were, or could have been, made necessary by the alleged neglect of duty on the part of the ex-Treasurer. That is a matter to be determined on trial of the case upon its merits. A petition discloses a cause of action when, if the allegations be true, the plaintiff is entitled to any relief. My opinion, therefore, is that the petition in this case does disclose a cause of action against both defendants, and that the exceptions of no cause of action should be overruled.