(107 So. 292)

No. 25841.

## ALLEN et al. v. COCHRAN et al.

(Feb. 1, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Corporations ⬠306.**

Officers and directors are merely agents of corporation, and, except for acts of malfeasance, are answerable to it alone.

**2. Banks and banking ⬠119.**

Depositors are creditors of bank.

**3. Banks and banking ⬠57.**

No contractual relation exists between officers and directors and bank's creditors.

**4. Corporations ⬠325—Creditor has no right of action against corporation's agents for gross negligence or maladministration of corporate affairs or omission of duty.**

Corporation and, in proper cases, stockholders have a right of action against agents of corporation for gross negligence, maladministration of corporation's affairs, and omissions of official duty, but creditor has no such right.

**5. Banks and banking ⬠57—Statute does not make bank directors quasi public officials, subject to civil action for delinquency in performing duties (Act No. 193 of 1910, § 1); "public officer."**

Act No. 193 of 1910, § 1, providing that bank director shall take an oath to administer bank's affairs, *held* not to make directors quasi public officials, subject to civil action for injury from delinquency in performance of duty; "public officer" being an agent of state or one of its subdivisions.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer.]

**6. Banks and banking ⬠57.**

Bank directors are not responsible to third persons for mere negligence or nonfeasance.

**7. Banks and banking ⬠57.**

Officers and directors of bank *held* not liable for losses sustained by depositors through bank failure, resulting from their alleged negligence and omissions of duty in permitting cashier of bank to embezzle funds.

Appeal from Second Judicial District Court, Parish of Bossier; T. F. Bell, Judge.

Action by F. C. Allen and others against S. H. Cochran and others. From a judgment of dismissal, plaintiffs appeal. Affirmed.

E. W. & P. N. Browne, of Shreveport, Donelson Caffery, of New Orleans, and James L. Dormon, of Shreveport, for appellants.

Barnette & Roberts, of Shreveport, for appellees.

BRUNOT, J. The plaintiffs were depositors in the Plain Dealing Bank, a banking corporation, domiciled at Plain Dealing, La., and the defendants were the officers and directors of the bank.

The bank failed, and this suit is against its officers and directors for the losses sustained by the plaintiffs as a result of the failure.

The petition charges the defendants with negligence, inefficiency, and omissions of duty in their conduct of the business and affairs of the bank. It alleges that their negligence and omissions of duty enabled the cashier of the bank to embezzle and dissipate its funds, and to wreck the institution. It is upon these allegations that plaintiffs have based their suit. They do not allege fraud, conspiracy, malfeasance, or actionable deceit. The prayer of their petition is for a judgment jointly and in solido against the defendants and in favor of each plaintiff for the sums, respectively, each is alleged to have lost by reason of the bank's failure.

Defendants excepted to the suit upon the grounds that the petition did not disclose a right of action or cause of action. From a judgment sustaining the exceptions and rejecting the demands of plaintiffs they appealed.

[1-4] There is no statute or law of this state authorizing the creditors of a corporation to bring a personal action against its

officers or directors for the recovery of losses resulting from their negligent management of the affairs of the corporation. The officers and directors are merely the agents of the corporation, and, except for acts of malfeasance, they are answerable to it alone. The depositors in a bank are creditors of the bank, and there is no contractual relation between the officers and directors of a bank and its creditors. The corporation itself and, in proper cases, the stockholders have a right of action against the agents of the corporation for gross negligence, maladministration of the corporate affairs, and omissions of official duty, but a creditor of the corporation has no such right.

Plaintiffs cite 8 Mart. (N. S.) 68, and 3 La. 568, in support of their contention that, where depositors in a bank suffer loss by reason of the gross negligence of the officials of the bank, there is a cause of action in favor of such depositors. directly against the negligent officials. The two cases cited are but one case, viz. Percy et al. v. Millaudon et al. The plaintiffs in the case were stockholders of the Planters' Bank of Louisiana, and the defendants were its officers and other stockholders of the bank. The suit was for a liquidation of the affairs of the bank and a division of its funds. When the case was first brought up on appeal, it was remanded, and was finally decided on the second appeal. This case has no application to the contention here made by plaintiffs.

[5] It is also contended that directors of a bank are quasi public officials, and delinquency in the performance of their ministerial duties gives rise to a civil action in favor of a person who is injured thereby. Plaintiffs cite State v. Hunsicker, 90 So. 765, 150 La. 475, and section 1, Act 193 of 1910. Plaintiffs concede that bank directors are not eo nomine public officials, but it is contended that, as section 1 of Act 193 of 1910 provides that only stockholders of a bank are eligible as directors, and that each director, before entering upon his duties as such, shall take an oath to administer the bank's affairs diligently and honestly, therefore bank directors become quasi public officials. It is true that they and their corporation serve the public, but they do so for private gain. They are not charged with any public function, and they perform no public duty. A public officer is an agent of the state or of one of its subdivisions.

"A public officer is an individual who has been appointed or elected in the manner prescribed by law, and who exercises the functions concerning the public assigned to him by law." Am. & Eng. Ency. (2d Ed.) 23, p. 322.

In the case of State v. Hunsicker, Mr. Hunsicker was state treasurer. His term of office had expired. The books of his office were not posted, and, after the state had expended a large sum of money to have them audited and properly posted, a suit followed for the reimbursement of that sum. This court sustained an exception of no cause of action for the expense incurred in auditing defendant's books, but overruled the exception as to the sum expended for posting the books. While this case may be authority for the proposition that a public official may be sued directly by one who suffers loss through his neglect of duty, it is not authority for the proposition that depositors in a bank may seek personal judgments against the directors of a bank for losses resulting from their negligent management of the bank's affairs.

[6, 7] As the directors are the agents of the bank, they are not responsible to third persons for mere negligence of duty or nonfeasance toward their principal. In Delaney v. Rochereau, 34 La. Ann. 1127, 44 Am. Rep. 456, this question is ably discussed, and the authorities are exhaustively reviewed. We quote from the opinion the following excerpts:

"At common law, an agent is personally responsible to third parties for doing something which he ought not to have done, but not for not doing something which he ought to have done, the agent, in the latter case, being liable to his principal only. For nonfeasance, or mere neglect in the performance of duty, the responsibility therefor must arise from some express or implied obligation between particular parties standing in privity of law or contract with each other. No man is bound to answer for such violation of duty or obligation except to those to whom he has become directly bound or amenable for his conduct.

"Every one, whether he is principal or agent, is responsible directly to persons injured by his own negligence, in fulfilling obligations resting upon him in his individual character and which the law imposes upon him, independent of contract. No man increases or diminishes his obligations to strangers by becoming an agent. If, in the course of his agency, he comes in contact with the person or property of a stranger, he is liable for any injury he may do to either, by his negligence, in respect to duties imposed by law upon him in common with all other men.

"An agent is not responsible to third persons for any negligence in the performance of duties devolving upon him purely from his agency, since he cannot, as agent, be subject to any obligations towards third persons other than those of his principal. Those duties are not imposed upon him by law. He has agreed with no one, except his principal, to perform them. In failing to do so, he wrongs no one but his principal, who alone can hold him responsible. * * *

"It is an error to suppose that the principle of the civil law, on the liability of agents to third persons, is different from those of the common law. It is certainly not broader."

We also quote the following from 7 Corpus Juris, p. 565:

"The directors of a bank are liable only to the corporation whose agents they are for violation or negligence of duty; and in the absence of actionable deceit, they are not liable to a creditor of the corporation for loss suffered through the neglect of their official duties."

The judgment appealed from is correct, and it is therefore affirmed, at appellants' cost.