(132 So. 761)

**ELLETT et al. v. NEWLAND et al.**
No. 29652.

Feb. 2, 1931.

Harvey G. Fields, of Farmerville, and Robert J. O'Neal, of Shreveport, for appellants.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellees.

ODOM, J.

Plaintiffs appealed from a judgment dismissing their suit on exception of no cause and no right of action.

Petitioners allege that the Bank of Mooringsport was a banking corporation organized under the laws of this state, and that these defendants were officers and directors of said bank from December 15, 1927, to February 20, 1928; that at various times between those dates, said officers and directors "solicited, received and/or assented to the reception of

deposits of money from your petitioners in said bank . * * * at all of which times said bank was insolvent or in failing circumstances to the knowledge of each of said defendants."

They attach an itemized statement showing the amount of said deposits, and they further allege that on February 20, 1928, said bank was closed and placed in the hands of the state banking department; that all of the bank's assets which had any value were sold for an amount insufficient to pay the depositors in full; that the banking commissioner, after disposing of the assets, paid depositors 30 per cent. of the amount of their deposits, leaving yet due them the amount they sue for; that they will receive no further payments from the liquidator of the bank.

The exception of no cause and no right of action is grounded upon the proposition that there is no privity between the depositors and the directors and officers of a state bank; that the officers and directors are liable only to the corporation for violation or neglect of their official duties, and that, to quote from the brief filed by counsel for defendants, "the only individual liability of a director to a depositor of a bank is the liability of a director who shall have been convicted of assenting to the reception of deposits after he shall have had knowledge of the insolvency of the bank, as an additional penalty to the imprisonment provided in Act 108 of 1884."

In sum, it is contended that, even if these defendants did solicit and assent to plaintiffs' depositing money in the bank with full knowledge at the time that it was insolvent or in failing circumstances, as alleged, plaintiffs have no right to bring a personal action against them to recover their losses, because there is no law or statute of this state specif-

ically conferring upon them that right, and further that the officers and directors are under no contractual obligations to the depositors to make good their losses, there being no contractual relationship between them.

There is no statute of this state specifically conferring upon depositors in a state bank the right to bring a personal action against its officers and directors to recover losses sustained by them in cases where the bank fails, nor are there any contractual relations between the officers of a bank and its depositors.

But because that is true it by no means follows that the depositors have no cause or right of action for the recovery of their losses against the directors and officers who assent to the reception of their deposits with full knowledge that the bank was at the time insolvent or in failing circumstances.

■ Banking corporations are managed and controlled by their directors and officers, who are agents of the corporation. For any loss resulting from their negligent management of its affairs or from their maladministration, the directors must answer to the corporation and not to the depositors or other creditors.

Counsel for defendants, in support of their contention that plaintiffs' petition sets out no right or cause of action, cite the case of Allen et al. v. Cochran et al., 160 La. 425, 107 So. 292, 294, 50 A. L. R. 459, where the court said that the officers and directors were but the agents of the corporation and "as the directors are the agents of the bank, they are not responsible to third persons for mere negligence of duty or nonfeasance toward their principal."

In that case the depositors lost on account of the failure of the bank and sued the officers and directors to recover their loss, charging

them with negligence, inefficiency, and omissions of duty in their conduct of the affairs of the bank, which enabled the cashier of the bank to embezzle its funds and wreck the institution. Plaintiffs did not allege fraud, malfeasance, or actionable deceit on the part of the directors.

Plaintiffs in the case at bar do not allege as their cause of action that their loss was occasioned by the negligence and inefficient management of the affairs of the bank by the officer and directors. But they allege that these defendants received their deposits, took their money into the bank when they knew it was insolvent or in failing circumstances, which was the grossest kind of malfeasance and deceit and a crime under the law.

Act No. 108 of 1884 provides that it shall be a crime for any director or officer of any public or private bank in this state to assent to the reception of any deposits in such bank "after he shall have had knowledge of the fact that it is insolvent, or in failing circumstances."

■■ Accepting the allegations of plaintiffs' petition for true, as we must for the purpose of this exception, the defendants in their dealings with plaintiffs have knowingly committed a wrongful criminal act, as a result of which plaintiffs have suffered hurt and injury and have been damaged to the extent of their loss. ·

Plaintiffs· do not allege as their cause of action that their loss was due to the failure of the bank, but, on the contrary,·that it was due to the wrongful and criminal act of these defendants in receiving their deposits when they knew that the bank was insolvent.

No man would deposit his money in a bank which he knew to be insolvent or in failing circumstances. The officers and directors of a bank are the ones whose duty it is to know and who do know its financial condition. The keeping of a bank open is an invitation to the public to make deposits. The officers and directors owe to the public the duty of refusing to accept deposits when they know that a depositor will be injured and damaged. Not only that, when they receive deposits knowing that the bank is insolvent they commit a felony. In view of this fact, the soliciting and reception of deposits is in a sense a representation that the bank is solvent and the officers and directors who solicit and receive deposits knowing that the bank is insolvent are guilty of deceit and perpetrate a fraud. These defendants did not in so many words represent that the bank was solvent, but their conduct in receiving the deposits amounts to the same thing. Defendants' conduct toward plaintiffs constituted a tort, and, as a result of such tortious, criminal act, plaintiffs have been damaged to the extent of the amount of their losses.

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it." C. C. art. 2315. We think it clear that plaintiffs have a cause of action under this article.

Counsel for defendants cite the case of Allen et al. v. Cochran et al., supra, in support of their contention. But in that case the court said, "The officers and directors are *merely the agents of the corporation, and, except for acts of malfeasance*, they are answerable to it alone." (Italics ours.) These defendants were guilty of the grossest kind of malfeasance.

"Malfeasance is the doing of an act which is wholly wrongful and unlawful, * * * the doing of an act which a person ought not to do at all." 5 Words and Phrases, First Series, p. 4297.

They also quote the opening sentence of section 103, p. 474, vol. 3, R. C. L., to the effect that there is no personal liability on the part of directors to depositors merely on account of their having assented to the reception of deposits with knowledge that the bank was insolvent. The sentence following, however, reads as follows:

"In some jurisdictions statutes have made it a criminal offense for officers of a bank to receive deposits after they have knowledge of the fact that the bank is insolvent, and it ·has been said that a bank officer who receives a deposit in violation of the statute is personally liable to the depositor for all damages proximately resulting."

In the case of Baxter v. Coughlin et al., 70 Minn. 1, 72 N. W. 797, 798, the Supreme Court of Minnesota had under consideration a case. on all fours with the one at bar.

The statute of that state making it a felony for officers and directors of a bank to assent to the reception of deposits knowing the bank to be insolvent is almost identical with our Act No. 108 of 1884. The court in that case said:

"The defendants, in receiving the deposits . knowing the bank to be insolvent, violated a legal duty, and committed an act· prohibited by Gen. Laws 1895, c. 219, § 2. * * * The purpose of this statute is to protect depositors in a bank, by punishing the officers for receiving deposits when the bank is insolvent. By necessary implication, it makes it the duty of directors or other officers of the bank to refrain from accepting or receiving deposits when they know the bank to be insolvent. The solvency or insolvency of a bank is a matter peculiarly within the knowledge of its directors. On the other hand, depositors have no means of accurately informing themselves on the subject. They must act upon

the presumption that. the directors are not violating the law, by keeping the bank open for receiving deposits when it is insolvent.

"This case, then, falls within the rule that where the statute prohibits the doing of any . act, or imposes a duty on one, for·the benefit and protection of individuals, if he disobeys the prohibition, or neglects to perform the duty, he is liable, to those for whose protec- . tion the statute was enacted, for any damages, resulting proximately from such disobedience."

See, also, Cummings v. Winn, 89 Mo. 51, 14 S. W. 512.

From 3 R. C. L. § 99, pp. 469, 470, we quote the following:

"Aside from constitutional or statutory provisions, the directors or officers of an incorporated bank are not individually´responsible, in an action at law, for injury resulting to a creditor or depositor, unless the injury was occasioned by the malicious or fraudulent act of the person complained of. Mere nonfeasance will not answer; nothing short of active participancy in a positively wrongful act intentionally and directly operating to the prejudice of the person complaining will give origin to individual liability."

For the reasons assigned, it is ordered and decreed that the judgment appealed from be reversed, and further ordered that the exception of no cause and no right of action filed herein be overruled, and that this case be remanded to the First district court for the parish of Caddo and· reinstated on the docket thereof to be proceeded with according to law; costs of appeal to be paid by appellee, all other costs to await final results.

O'NIELL, C. J., concurs on the ground that the right of action is recognized, and in effect granted, by Act No. 108 of 1884.