## STOCK v. E. A. FABACHER, Inc., et al.*
### No. 16870.

Court of Appeal of Louisiana. Orleans.
Dec. 12, 1938.

William F. Stock, in pro. per.

Legier, McEnerny & Waguespack, of New Orleans, for appellees Leon Greenblatt and Marcus E. Rosenthal.

McCALEB, Judge.

The plaintiff, William F. Stock, brought this suit against Edwin B. Fabacher, Inc., and its former stockholders, E. B. Fabacher, Marcus E. Rosenthal and L. A. Greenblatt, alleging that he is a creditor of the first named defendant in the sum of $300, representing the value of certain property deposited with it which it failed to return or account for. He further

*Rehearing denied Jan. 10, 1939.

averred that the corporation, Edwin B. Fabacher, Inc., had been dissolved by liquidation and that its assets had been divided among its stockholders, E. B. Fabacher, Marcus E. Rosenthal and L. A. Greenblatt and that they are individually responsible to him as a creditor of the defunct company.

Citation and service of the petition was not obtained against either Edwin B. Fabacher, Inc., or E. B. Fabacher. However, Rosenthal and Greenblatt, the other two defendants, were duly cited and appeared. They filed an exception of no right or cause of action to plaintiff's petition which was sustained by the trial judge. Plaintiff has appealed from the adverse decision.

The basis of defendants' exception of no right of action is that they, as stockholders of Edwin B. Fabacher, Inc., are not personally liable for the debts of the corporation and that the plaintiff's only remedy is to proceed against the corporation itself.

We cannot agree with the contention, since the Supreme Court has definitely decided to the contrary in Fudickar v. Inabnet, 176 La. 777, 146 So. 745. There it was held that, where a corporation or its liquidators, upon a dissolution of the corporation, distribute the corporate assets among its stockholders without having paid all of its creditors, the latter have a direct action against those stockholders (up to the amount of the assets received by them) for the amount of the debt in view of Section 27, 45, 46 and 57 of Act No. 250 of 1928 and Arts. 21 and 3183 of the Civil Code.

In the case at bar, plaintiff has alleged that he is a creditor of the corporation; that the company has been liquidated and that the defendants in suit have received all of its assets. Under such circumstances, if the liquidators have been discharged and the affairs of the company wound up, the plaintiff would have a right without a remedy unless he was permitted to proceed against the shareholders who are the beneficiaries of the liquidators' failure to pay the just debts of the company.

The cases relied upon by the defendants, in support of their plea, namely, Allen v. Cochran, 160 La. 425, 107 So. 292, 50 A.L.R. 459, and Wirth v. Albert, 174 La. 373, 374, 141 So. 1, are inapposite for the reason that, there, the suits were brought against the officers and directors of the corporation who are answerable only to the company for their acts of gross negligence or their maladministration of its affairs.

The exception of no right of action was therefore improperly sustained and the same is hereby overruled.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this cause be remanded to the First City Court of New Orleans for further proceedings according to law and consistent with the views herein expressed. Costs of this appeal to be paid by the appellees, other costs to await the final determination of the case.

Reversed and remanded.

JANVIER, J., absent, takes no part.