124 So.2d 802 (1960)
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF WINNFIELD, Plaintiff-Appellee,
v.
CONTINENTAL EQUITY LIFE INSURANCE COMPANY et al., Defendant-Appellant.
No. 9345.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1960.
A. K. Goff, Jr., Ruston, for appellant.
Cas B. Moss, Winnfield, for appellee.
HARDY, Judge.
Plaintiff instituted this suit for the recovery of the principal sum of $4,800 under a policy of life insurance issued by defendant, Continental Equity Life Insurance Company, to one Joseph Henry Megison, a mortgage debtor of plaintiff, in which policy plaintiff was named as beneficiary. Alternatively, plaintiff sought judgment against Mrs. Ophelia M. Storey, alleged to be the agent who issued the policy in question, and her errors and omissions liability insurance carrier, Lloyds' Underwriters. After trial on the merits judgment was rendered in favor of plaintiff and against the defendant, Continental Equity Life Insurance Company, in the principal sum of $2,056, against Mrs. Storey individually in the principal sum of $250 and against Lloyds' Underwriters and Mrs. Storey in solido in the principal sum of $2,494. From this judgment both plaintiff, First Federal Savings & Loan Association of Winnfield, and defendant, Lloyds' Underwriters, perfected devolutive appeals.
Before this Court counsel for both plaintiff and defendant accept this matter as solely constituting an appeal by Lloyds' Underwriters, and counsel for plaintiff contends only for the affirmance of the judgment rendered below.
Originally numerous parties were made defendant, but we find it unnecessary to give consideration to the involved pleadings and the irrelevant ramifications of issues and reduce our consideration to a determination of the dispute between plaintiff, First Federal Savings & Loan Association of Winnfield, and defendant, Lloyds' Underwriters, who appear before this Court as appellee and appellant, respectively.
Upon the beginning of trial an exception of no cause and no right of action was interposed on behalf of defendant, Lloyds' Underwriters. This exception was predicated upon the contention that plaintiff had *803 no right nor interest to assert any claim against said defendant upon the alleged ground of negligence on the part of Mrs. Storey. This proposition is vigorously maintained before this Court, and presents the issue which should conclusively determine the resolution of this appeal.
The pertinent facts are that in August, 1959, plaintiff made a loan to Joseph Henry Megison, secured by a mortgage on residential type property owned by said borrower located in Rapides Parish; Megison made application to Mrs. Ophelia M. Storey, an independent insurance broker operating as sole owner of Winn Insurance Agency, for credit life insurance; in addition to other policies Mrs. Storey issued a certificate of coverage, dated August 30, 1959, on behalf of Continental Equity Life Insurance Company in the amount of $4,800; both the certificate of coverage and the master policy under which said certificate was authorized specifically limited the maximum amount of liability on persons within Megison's age bracket to the principal sum of $2,000; Megison died on September 8, 1959, before the error in the amount of coverage represented by the certificate was detected by the insurer; at the time of the issuance of the certificate by Mrs. Storey there was in effect a policy of insurance issued by Lloyds' Underwriters to Winn Insurance Agency under which the said insured was indemnified against any claims for breach of duty resulting from any act of negligence, error or omission in connection with the conduct of its business.
There is strenuous contention on behalf of appellant that at the time of the issuance of the certificate of coverage Mrs. Storey was not acting in her capacity as an independent insurance agent but as an official and employee of plaintiff association in which she held office as Assistant Secretary. We pretermit consideration of this and other contentions which involve facts and issues of law which we deem to be irrelevant and immaterial with respect to the determination of this appeal.
It seems quite clear that plaintiff's claims against Lloyds' Underwriters must depend upon a determination of its interest and a consequent right to assert the same in this proceeding against this defendant.
Fortunately, the determinative legal principle seems to be so well established that it does not require involved discussion.
For the purpose of this opinion we accept, as having been established, the facts most favorable to plaintiff's contentions, namely, that Mrs. Storey at the time of the issuance of the certificate of coverage was acting in the quality and capacity of an independent insurance agent or broker and not as an official of the plaintiff association; that she was insured by defendant, Lloyds' Underwriters, against damages caused by her negligence in the nature of errors or acts of omission, and, finally, that she was guilty of a negligent error in issuing a certificate of coverage for an amount in excess of the limitation specifically fixed by the conditions of said certificate and the master policy governing the same. The question then remains as to the interest of this plaintiff to assert a claim against this defendant under such factual circumstances.
The law governing this issue is well settled by our jurisprudence. The rule appears to have been first definitely enunciated in Delaney v. A. Rochereau & Co., 34 La. Ann. 1123. The opinion in the cited case exhaustively discussed the doctrines of both the common and civil law, and held that agents are not liable to third persons by reason of acts constituting nonfeasance or mere omissions of duty. This rule has been reiterated and followed in numerous cases, among which we particularly note Allen v. Cochran, 160 La. 425, 107 So. 292, 50 A.L.R. 459; Tyler v. Walt, 184 La. 659, 167 So. 182; Washington v. T. Smith & Son, La.App.Orleans, 1953, 68 So.2d 337 (writs denied).
Under the very theory upon which plaintiff predicates its case, Mrs. Storey, in *804 procuring and issuing insurance coverage, was acting in behalf of her principal, Megison, and plaintiff occupied the status of a stranger or a third party without interest or right against the agent for acts of negligence or errors which were detrimental to the principal. The following quotations from the opinion in the Delaney case, cited supra, are particularly appropriate:
"An agent is not responsible to third persons for any negligence in the performance of duties devolving upon him purely from his agency, since he cannot, as agent, be subject to any obligations towards third persons other than those of his principal. Those duties are not imposed upon him by law. He has agreed with no one, except his principal, to perform them. In failing to do so, he wrongs no one but his principal, who alone can hold him responsible.
* * * * * *
"The Article of the French Code, 1992, from which Article 3003 of our R.C.C. derives, which is to the effect that the agent is responsible not only for unfaithfulness in his management, but also for his fault and mistake, contemplates an accountability to the principal only, and this by reason of the assumption of responsibility by the acceptance of the mandate. How, indeed, can an agent be responsible to a third person for the management of the affairs of his principal, or for a mistake committed in the administration of his property? The responsibility for fault is likewise in favor of the `mandant' alone."
For the reasons assigned the judgment appealed from is annulled and set aside. It is further ordered and decreed that the exception of no cause and no right of action on the part of defendant, Lloyds' Underwriters, be and it is hereby sustained and plaintiff's suit against said defendant is dismissed at its cost.