175 So.2d 392 (1965)
Percy DAIGLE
v.
Tom COBB, Paul Bearden, American Insurance Company as Insurer of Mason Rust, Inc., Joint Venture and as Insurer of Tom Cobb, and American Insurance Company as Insurer of Dow Industrial Service, and as Insurer of Paul Bearden.
No. 1823.
Court of Appeal of Louisiana, Fourth Circuit.
May 3, 1965.
Rehearing Denied June 7, 1965.
*393 Donald S. Klein and H. Alva Brumfield, New Orleans, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Ralph L. Kaskell, Jr., New Orleans, for Tom Cobb, defendant-appellee.
Porteous & Johnson, C. Gordon Johnson, Jr., New Orleans, for American Ins. Co., defendants-appellees.
Gravel, Sheffield & D'Angelo, Neblett & Fuhrer, Alexandria, amicus curiae.
Before YARRUT, CHASEZ and BARNETTE, JJ.,
YARRUT, Judge.
This appeal is by Plaintiff from the judgment of the district court maintaining exceptions and motions for summary judgments filed on behalf of Defendants, Tom Cobb, individually, and his insurer, American Insurance Company. Attached to the motions were affidavits, exhibits and depositions filed on behalf of the parties involved.
While this suit was filed against other Defendants, counsel for Plaintiff has conceded that, as to American Insurance Company, as insurer of both Dow Industrial Service and Mason-Rust, Inc., this suit is res adjudicata as a result of a judgment for defendants, rendered in the matter entitled, Daigle v. American Ins. Co., 234 F.Supp. 43 (E.D.La.1964), the basis of which is that Plaintiff's claim against Mason-Rust, Inc. and Dow Industrial Service, Inc. is limited to recovery under Louisiana's Workmen's Compensation statutes.
Plaintiff's counsel further conceded that, since no jurisdiction was obtained over Paul Bearden, he and his insurer are no longer parties Defendant.
Plaintiff now seeks tort damages of $750,000 for his personal injuries, suffered on August 13, 1963, while in the employ of Anson, Inc., working on a drilling rig at the Michoud facility in New Orleans. Anson, Inc. was a subcontractor for Dow Industrial Services, Inc. which, in turn, was a subcontractor of Mason-Rust, Inc., the latter being under contract with the United States Government (owner) to let and supervise all support service contracts for work required at the Michoud facility.
*394 On August 13, 1963, while Plaintiff was employed at Rig No. 10 at the Michoud facility, and engaged in the performance of his duties, approximately 400 pounds of pipe became disconnected from the Rig and fell on him, responsibility for which he charged to Tom Cobb because:
1. Tom Cobb was the general manager and, as such was an employee and director and supervisor of Mason-Rust, Inc.
2. The United States Government contracted with Mason-Rust, Inc., which required Mason-Rust, Inc. to secure a contract with Dow Industrial Service, Inc. for the purpose of drilling a disposal well on the Michoud facility.
3. Dow Industrial Service, Inc. subcontracted the drilling of the well to Anson, Inc., Plaintiff's employer.
4. The contract between the United States and Mason-Rust required that Mason-Rust have trained supervisors at the job site at all times to supervise all safety precautions.
5. Mason-Rust, Inc. failed to employ one person who was familiar with the work being performed by Plaintiff's employer.
6. Tom Cobb had knowledge of the lack of trained supervisors and knowledge of the dangerous work being performed by Plaintiff, and failed to carry out the terms of the above-referred-to contract, and was negligent in the performance of his duties as general manager of Mason-Rust.
The acts of negligence charged against Tom Cobb by Plaintiff are:
1. Failure to have a safety chain necessary for good safety, in the operation being performed;
2. Failure to have a trained supervisor at the job site;
3. Absenting himself from his appointed place of supervision;
4. Failure to give proper instruction to Plaintiff and the crew with whom he worked;
5. Failure to carry out the terms of his contract.
Plaintiff further pled res ipsa loquitur contending the cause of his injury was peculiarly within Tom Cobb's knowledge.
Defendants filed exceptions and motions for summary judgments contending, inter alia, that there is no allegation or proof that Tom Cobb was a party to such contracts, or had incurred personal obligation to Plaintiff or anyone else under said contracts; that Plaintiff offered no affidavits or depositions to prove any actual negligence or willful or deliberate tort on the part of Tom Cobb, or that he was even present at the job being performed by Anson, Inc. when Plaintiff was injured; merely alleging omissions on Cobb's part in failing to comply with the supervisory terms of said contracts.
Regarding the liability of Tom Cobb, the affidavits and deposition filed show he was the general manager of Mason-Rust at the NASA Michoud facility; Mason-Rust's contract with the United States was to furnish support services at Michoud, including such items as security, fire protection, photographic service, plant maintenance and repair, and other similar items; that, in carrying out its duties for the government, Mason-Rust made a contract (filed in the record) with Dow Industrial Services for the drilling of a deep-disposal well at Michoud; that Cobb, as general manager of Mason-Rust, directed all key personnel, with overall supervision of about 800 Mason-Rust employees at Michoud; and had responsibility for carrying out the work included in the Mason-Rust contract, including the hiring and dismissing of all Mason-Rust personnel; and the supervision of all subcontracts made for the United States by Mason-Rust; that the work-site *395 of Anson, Inc. was about a quarter mile from Cobb's office. Cobb had no occasion to visit or inspect the work at any time prior to the accident, as he received regular progress reports of the status of the work performed under the Dow Industrial contract; and that Cobb had no connection with the actual performance of the work, and was not present when Plaintiff was injured.
It is true that Mason-Rust had certain obligations quoad the United States, but there was no obligation, contractual or implied, between Tom Cobb and Plaintiff. Nothing in Cobb's deposition, which was taken by Plaintiff in the federal court case, shows a factual basis for a claimed relationship between Plaintiff and Cobb; nor has Plaintiff filed any further affidavits or depositions to the contrary in the motions for summary judgments, as permitted under LSA-C.C.P. art 967.
Plaintiff's counsel contends: 1. That Tom Cobb was a director of Mason-Rust and, as such, had certain duties he did not perform, which constituted negligence per se that caused Plaintiff's injuries.
2. That Cobb would be a proper third-party Defendant, citing Adams v. Fidelity and Casualty Co. of New York, La.App., 107 So.2d 496, holding:
"* * * an injury suffered by a third party which is due to the breach of a legal obligation which the corporate officer or officers owed to the third party, whether it also involved the breach of a duty due to the corporation, would give rise to a cause of action against the corporate officers for the breach of such legal obligation. It would matter not whether the breach of a legal obligation due and owing by a corporate officer to a third party, (which would also include a co-employee) was the result of misfeasance, malfeasance, or nonfeasance." 107 So.2d at 501-502.
The above quotation is not complete. In stating the liability of an officer to a third-person or a fellow-employee would result from "misfeasance, malfeasance or nonfeasance" the court cited the case of Wirth v. Albert, 174 La. 373, 141 So. 1, 4. A reference to that case discloses the following language by the Supreme Court:
"Officers and directors are merely agents of the corporation, and, except for acts of malfeasance, are answerable to it alone. A creditor of a corporation has no right of action against the corporation's agents for gross negligence or maladministration of corporate affairs or omission of duty." Allen v. Cochran, 160 La. 425, 107 So. 292, 50 A.L.R. 459; Ellett v. Newland, 171 La. 1019, 132 So. 761.
3. That the test expressed in Washington v. T. Smith & Son, La.App., 68 So.2d 337 (in which a shipping agent was held responsible for injuries caused by a falling create) is two-fold: (a) Was the duty on the part of the director, officer or agents to use due care and; (b) Did the act of omission or commission constitute a breach of that duty?
However, in the Washington case, the defendant agent admitted that the offending crate was in his direct custody and control. The court held that he could be held for acts of omission under LSA-C.C. art. 2317, which makes one liable for damage caused by "the things which we have in our custody." It further indicated that this situation was an exception to the general rule, followed in Louisiana, that agents are not ordinarily responsible to third persons for nonfeasance. See Southwestern Sugar & Molasses Co. v. Industrial Molasses Corp., La.App., 135 So.2d 481; First Federal S. & L. Ass'n of Winnfield v. Continental Equity L. Ins. Co., La.App., 124 So.2d 802.
Finally, counsel for Plaintiff contends that the evidence, if this matter were tried on its merits, would clearly establish an affirmative answer to both these questions, citing Kimbro v. Holladay, La.App., 154 *396 So. 369; Vidrine v. Soileau, La.App., 38 So.2d 77; Lee v. Griffith, La.App., 140 So. 142; Day v. National-U. S. Radiator Corp., La.App., 117 So.2d 104.
In the first three cited cases the defendant was present and actually caused the injury. In the Kimbro case the manager of the company negligently drove the car in which the employee was injured. In the Vidrine case, the defendant co-employee ordered a dog to bite his fellow employee. In Lee v. Griffith, the defendant president was held liable in trespass for his corporation's wrongfully cutting timber on the 40 acres of land on which he personally directed operation, but was not held liable for timber cut on 40 acres on which he was not present.
The cited appellate court decision in Day v. National-U. S. Radiator Corp., holding architects liable for an exploding water heater in the building which they had designed, and were to supervise, was reversed by the Supreme Court, which held they owed no duty to the subcontractor's employee injured by the explosion. 241 La. 288, 128 So.2d 660.
The sole issue as to Cobb's liability is one of law to be determined by LSA-R.S. 23:1101 (La.Workmen's Compensation Law) which provides that the payment of compensation to an injured employee does not affect his right of action for damages against a person (referred to in the act as a "third person"), other than his employer, who, under the circumstances, without reference to the compensation act, is legally liable to pay damages for the injury. A co-employee is a third person under the act, and where the facts reveal active negligence or willful or deliberate tort on the part of a co-employee, he is personally responsible. See Jolly v. Travelers Ins. Co., La.App., 161 So.2d 354; Adams v. Fidelity and Casualty Co. of New York, supra; Washington v. T. Smith & Son, supra; McGuire v. Louisiana Baptist Encampment, La.App., 199 So. 192; Lee v. Griffith, supra; Malone, Louisiana Workmen's Compensation Law and Practice § 366.
Cobb was neither required nor authorized to take over and supervise the various employees of the subcontractors. Had he done so, he might then have risked personal liability for actual negligence or willful or deliberate tort to the employees, and become answerable to the particular subcontractor for defective workmanship.
If Tom Cobb, as general supervisor of safety regulations for Mason-Rust, were responsible for the misconduct or negligence of every employee of all subcontractors at the Michoud installation, he would have had to be looking over the shoulders, at all times, of hundreds of employees. To do this, he would have had to be in hundreds of places at the same time. The very thought is reductio ad absurdam.
There is no allegation, nor any supporting affidavit or deposition, that Cobb took part in the work of Anson, Inc., the drilling subcontractor; or that he had or should have had knowledge that Anson, Inc. was using defective equipment or incompetent personnel, even if such charge against the subcontractor were proved.
Counsel now contends he should be given an opportunity at a trial before a jury (prayed for by Plaintiff) to prove Cobb's negligence in engaging an incompetent drilling contractor. There is no allegation to such effect in any of Plaintiff's original and supplemental petitions, nor did counsel ask the court for an opportunity to rebut Cobb's deposition (LSA-C.C.P. art. 967), but submitted the motion for summary judgments on the record as it then and now stands.
Counsel suggests as this case was to be tried before a jury, the jury should decide whether Cobb was guilty of negligence. With reference to questions of law, it is the judge, not the jury, who must decide the point on a motion for summary judgment; otherwise, by the simple expedient of asking *397 for a jury trial, a Plaintiff could nullify the statutes relating to summary judgments.
The Cobb deposition, to which Plaintiff refers, merely proves that the United States had a safety program; that Mason-Rust supervisors made periodic inspections, and that each subcontractor was obligated to administer the safety program in the execution of its own contract.
More recently, it was held that an engineering firm, having general supervision of a project, on which the plaintiff was injured, was not liable for faults in the independently-operated equipment of the plaintiff's employer, over which it had no contractual or actual control. Thomas v. Fromherz Engineers, La.App., 159 So.2d 612.
American Insurance Company contends it is not the insurer of Tom Cobb and, if a summary judgment is held not proper as to Tom Cobb, individually, a summary judgment must be held proper as to it, because its policy does not insure Cobb under the clause defining "insured" as:
"The unqualified word `Insured' includes the named insured and also includes (1) under coverage B and D, any executive officer, director or stockholder thereof while acting within the scope of his duties of such, * * *"
and Cobb was merely an employee.
Since Tom Cobb has no liability for Plaintiff's injuries, the question whether American Insurance Company, his Codefendant and alleged insurer, is answerable under its insurance contract, has therefore become moot.
Since there is no genuine factual issue in this case; leaving the sole issue a question of law, the trial court was correct in granting the Summary Judgments in favor of both Defendants, Cobb and the American Insurance Company. LSA-C.C.P. art. 966.
Accordingly, the judgment of the district court is affirmed; Plaintiff-appellant to pay all costs in both courts.
Affirmed.
CHRIS T. BARNETTE, Judge pro tem. (concurring).
I concur in the foregoing opinion, but would like to express my views more fully.
Plaintiff has alleged certain acts of nonfeasance on the part of Mr. Cobb, which present a factual question. Ordinarily, a motion for summary judgment should be denied when there is a factual question to be determined by trial. However, assuming, arguendo, that Mr. Cobb did fail to employ a safety consultant experienced in drilling operations, or did fail to comply fully with the contractual obligations imposed upon his company, the execution of which was his responsibility, it would at most be a nonfeasance. I do not believe the Supreme Court has extended the liability of corporate officers to third persons for acts of nonfeasance. Wirth v. Albert, 174 La. 373, 141 So. 1 (1932). See also La Parie v. Totora, 62 So.2d 658 (La.App. Orleans 1953); 19 C.J.S. Corporations § 845, p. 271, and § 846, p. 273, quoting under "Nonfeasance" at p. 274:
"* * * Nothing short of active participancy in a positively wrongful act intendedly and directly operating injuriously to the prejudice of the party complaining will give origin to individual liability."
In Adams v. Fidelity and Casualty Co. of New York, 107 So.2d 496 (La.App. 1st Cir. 1958), cited in the above opinion, the court extended liability to cover an act of nonfeasance, but the facts there indicate that the corporate officers had actual knowledge of the existence of a specific and obvious hazard to the safety of its employees and others and permitted it to remain. This, in my opinion, amounted to a "positive wrong" which is very close to an act *398 of malfeasance. I find no fault with extension of liability to cover this act under those facts. I doubt that it was intended by that court to extend liability to cover all cases of "misfeasance, malfeasance, or nonfeasance," as it would seem to imply by its use of these words in its opinion. I think this was inadvertence in the light of its reference to Wirth v. Albert, supra.
The question raised by plaintiff's pleadings, while involving allegations of fact, is more correctly a question of law. Perhaps an exception of no right or cause of action would have been appropriate, but I see no error in dismissing plaintiff's suit on the motion for summary judgment. I therefore concur.