JENKINS
*v.*
GRIGSBY.

---

## STATE *v.* WINFREE'S SECURITIES.

The Act of 1857 which gave to the auditor of public accounts the remedy of a writ of distress against delinquent tax collectors and their sureties, merely provided a remedy of which the auditor could have availed himself while it was in force. But the failure of the auditor to exercise the remedy and enforce the demands of the State against tax collectors, cannot deprive the State of its right to collect the unpaid dues by another remedy provided subsequent to the delinquency; for when an obligation is due, a change in the mode of procedure does not affect it.
Where the obligation of the sureties on a tax collector's bond is solidary, the State may proceed against them before obtaining judgment against the principle obligator.
The case as presented by this action, is not inconsistent with the Code of Practice, it is not affected therefore by any repealing clause in the law of 1855, for there is a saving clause in the Act excluding from repeal the provisions of the Code of Practice on the subject.
Parties who sign a bond impliedly waive defects in its form.
Actions against tax collectors or their sureties, are not prescribed by 1, 2, 3, 4 or 5 years.

APPEAL from the District Court of Morehouse. *Richardson*, J.
*F. B. Stubbs*, District Attorney for the State. *McGuire & Ray*, for defendants.

COLE, J. This suit was instituted at the order of the Auditor of Public Accounts on the 15th September, 1852, against a number of persons, as securities *in solido* for *A. B. C. Winfrey*, State Tax Collector for the parish of Morehouse in the year 1848, for the taxes of 1847.

The amount of State tax for said parish for 1847, was $5,428 40, of which amount the collector paid to the accounting officer, $3,555 03, leaving a balance due the State of $1,873 37, for which amount, with two per cent. per month interest, since the 1st January, 1849, this suit is brought.

There was judgment against the State as in case of non-suit in the lower court, and the State appeals from this judgment.

The answer of defendant admits the genuineness of their signatures to the bond sued on, but sets up several objections to this proceeding, and denies their liability. We will now consider the objections of defendants:

1st. That the Acts of 1847 and 1848, relative to tax collectors, provided that the failure of the collector to account and make payment within the time prescribed causes the balance standing against him on the Auditor's books, with a forfeiture of his commission and two per cent. per month interest on the sum withheld from the time it should have been paid, to operate a judgment against the delinquent and his securities, and that the 63d Sec. Art. 1847 p. 175, provided as follows: "And the Auditor of Public Accounts shall charge such delinquent accordingly, and immediately after such delinquency shall occur, issue a writ of distress, which shall have the force and effect of a writ of *fieri facias* against the delinquent and his securities.

Defendant argues, that the effect of this law is to give to the balance standing on the Auditor's books, after the time for payment has expired, with two per cent. interest from that time, the force and effect of a judgment, and to close the matter between the parties, and that the State cannot by a subsequent act open it, nor commence and carry on this suit for a debt already liquidated by a judgment. We are of opinion that this objection is without force.

The section alluded to merely provided a remedy for the collection of taxes, which the Auditor could have availed himself of at the time it was in existence.

He did not exercise it, and his inaction cannot deprive the State of its rights to collect the amount due by a remedy now in force.

Besides this law did not give the balance on the Auditor's books the effect of a judgment in such a way, that the amount, for which a writ of distress issued, must be considered as finally settled, as if by an ordinary suit and judgment. The sole object of the law in giving to the writ of distress the force and effect of a *fi fa.*, was to provide a speedy remedy for the collection of amounts due the State. And the existence of this remedy did not so merge the bond in the judgment, as to prevent this suit on the bond.

When an obligation is due, a change of the mode of procedure for the collection of debts, affects the remedy but not the obligation, and plaintiff was entitled to use the remedy, which was in force at the time of instituting this suit and which continues still in existence.

2d. That the 71st Sec. of the Art. of 1855, "to provide a revenue and the manner of collecting the same," R. S. p. 475, requires that the Auditor of Public Accounts "may require the District Attorney of the District, wherein such tax collector may perform his functions, to proceed against such tax collector and his securities by rule, before any competent court, after three days notice, for the recovery of the amount due by the tax collector.

Defendants urge, that the plaintiff was bound to have first obtained and executed judgment against the principal before proceeding against the securities.

This statute is merely directory, and does not deprive the State of the right of proceeding against the sureties, when they have, as in the present case, obligated themselves *in solido.*

*Vide.* C. C. 3014. *Ballew* v. *Andrews Executor,* 10 L. 219.

3d. That the repealing clause in the Act of 1855, must cause this suit to abate, because the modes of procedure previous to its enactment for the collection of bonds of Sheriffs' are repealed by this Act. This objection is not valid; the mode of instituting this suit is not inconsistent with, or antagonistical to the provisions of the Code of Practice, and as the repealing clause excepted the Code of Practice, plaintiff has then the right to carry on this cause, and his action is not abated by said Act.

4th. That the forms of law have not been observed to give effect to the bond sued on.

The objections under this branch of defendant's argument cannot be maintained, for in signing the bond, they impliedly waived them.

*Vide. State* v. *Hays, et al.* 7 A. 118. *State* v. *Securities of A. J. Law* 11 A. p.—; *Police Jury* v. *Hqw* ; 2 L. 47 ; 3 M. N. S. 594. *Whitehurst* v. *Hickey* ; *Villere* v. *Armstrong* ; 4 N. S. 35.

We do not consider the other objections as tenable.

As to the plea of prescription, we would observe, that claims of the kind now sued for, are not subject to the prescription of two, three, four and five years.

Plaintiff has established the amount to be due, as alleged in his petition.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed.

It is further ordered, adjudged and decreed, that plaintiff recover *in solido* of the defendants, *Joseph W. Westmoreland, Thomas M. Jones, Thomas F. Dennard, Thomas C. Mathews, Aaron Livingston, Nelson Delemar, J. W. Johnston* and *William Barnett,* one thousand eight hundred and seventy three dollars and thirty-seven cents, with two per cent. per month interest thereon since the first day of January, 1849, and the costs of both courts.