## No. 3581.

### JAMES HUGH *v.* JOSEPH HERNANDEZ and al.

The action against the sureties of a sheriff for money collected by him and not accounted for to the party entitled to it, is barred by the prescription of two years. Revised Statutes of 1870, section 2816.

The law has not given the summary remedy by rule against sureties on a sheriff's bond, and where the rule was made absolute, and in a subsequent action of nullity, said judgment was set aside on the ground that no citation had been served on the parties, the prescription of two years was not interrupted by the instituting of such a proceeding against the parties

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. J. A Bartlette,* for plaintiff and appellant. *Charvet & Duplantier, J. Duvigneaud* and *E. Bermudez,* for defendants and appellees.

TALIAFERRO, J. This is an action against the sureties of a sheriff, to compel them to pay a sum of money alleged to have been received by him acting in his official capacity, and which he neglected to pay over to the plaintiff, who claims that he is entitled to receive it.

The defense is placed on several grounds, one of which, and the one we deem most important, is prescription. The plea of prescription of two years was sustained by the court below, and the suit dismissed. The plaintiff has appealed.

The facts are as follow: In 1866, Bienvenu, sheriff of the parish of Orleans, sold certain stocks, seized under execution, from the sale of which he realized the sum of $6232 50. The sale was made on the twenty-sixth of March, 1866, and on the next day a rule was taken on the sheriff to show cause why he should not pay over the money so received to Joseph Lalande, a party setting up a claim to it. On trial of the rule, on the sixteenth May, 1866, it was dismissed, but the sheriff was ordered to pay over the money to Ingraham, the judgment creditor, at whose instance the seizure and sale of the stocks were made, and who transferred the judgment and all his rights under it to the plaintiff. On the third of July, 1867, the sheriff having failed to pay, a rule was taken on his sureties, to show cause why they should not be condemned *in solido* with him. On the third of December, 1867, this rule was made absolute, and the sureties were accordingly condemned *in solido* with the sheriff, to pay the money. Subsequently an action of nullity was brought to set aside this judgment, on the ground that no citation had been served upon the sureties. The judgment was annulled on that ground, on the twelfth January, 1869, and the decree of the Fifth District Court annulling it, was confirmed on appeal to this court. See 22 An. 245. On the twelfth of May, 1870, the present suit was brought.

The defendants, therefore, say that between the twenty-seventh of March, 1866, or the sixteenth of May, 1866, or the third of July, 1867,

and the twelfth of May, 1870, more than two years have elapsed, and that the sureties are discharged under the law invoked by them. Ray's Revised Statutes, section 3546. "The sheriff and their securities shall be able to prescribe against their acts of misfeasance, nonfeasance, costs, offenses, and quasi offenses after the lapse of two years from the day of omission or commission of the acts complained of."

But the plaintiff contends that his suit is not for damages arising from negligence nor for misfeasance or nonfeasance; neither is it for offenses or quasi offenses, nor for any act mentioned in the law prescribed by two years—but that it is simply for money the sheriff has received while acting as mandatary, or depositary, or sequestrator. That in executing the writ under which he received the money he acted as the judicial agent of the plaintiff, and refers to 2 L. R. 280 and to the case of Spalding & Rogers v. John P. Walden et al., 23 An. 474.

The plaintiff holds further that if the prescription of two years were applicable to a case like this it was interrupted by the rule taken on the sheriff and his sureties on the third of July, 1867, which was served on the sheriff and all the sureties. On the first ground we think the authorities cited are not in point. The facts of the case in 23 An. differ materially from those presented in the case before us. In that case the suit was for money received by the sheriff during the late war and put in bank for the owners, who were absentees; the sheriff, by reason of military orders then in force, was unable to withdraw the deposit to settle the claim. The act of the sheriff was held to be neither an act of misfeasance or nonfeasance, nor was the suit placed on that ground. In the case under consideration the petition of the plaintiff charges: "That the said Bienvenu, sheriff, failing to pay over the proceeds of the sale on demand being made for that purpose, a rule was taken upon him by petitioner and notice thereof given to said sureties, and on the third of December, 1867, judgment was rendered on said rule against the said sheriff for $3343 18, with interest, etc., in favor of petitioner; that on said judgment execution issued and was returned, no property found," etc. The sheriff had sold certain stocks seized under the execution issued upon the judgment of the plaintiff's transferrer, received a large sum of money in cash, and after an order of court to pay it over to the party entitled to it he declined and failed to comply with the order, and an execution issued against him was returned *nulla bona*.

On the second ground, that the service of the rule interrupted prescription. In the action to annul the judgment rendered on the third of July, 1867, it was decided that the law has not given the summary remedy by rule against sureties on a sheriff's bond. That the want of citation of the sureties was fatal since they did not answer or other—

wise waive citation. There having been no citation there was no inter-ruption of prescription. 6 Rob. 142, 2 An. 927.

We think the judgment of the court below was correctly rendered.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs. Kohler *v.* Walden, 23 An*299* Menk *v.* Ledoux 24 An. Fuqua, Administrator, *v.* Young & Knighton, 14 An. 216; 3 R. 297.

## ON REHEARING.

MORGAN, J. Another and a careful examination of the opinion here-tofore pronounced by us in this case, has only satisfied us that the conclusions to which we came originally are correct.

It is therefore ordered, adjudged and decreed that our former judg-ment remain undisturbed.

WYLY, J., *dissenting.* In this case the question is, Is the action against the sheriff and his securities to compel him to pay over the money he has collected barred by the prescription of two years?

"The sheriffs and their securities shall be able to prescribe against their acts of misfeasance, nonfeasance, costs, offenses and quasi offenses, after the lapse of two years from the day of the omission or commis-sion of the acts complained of." Revised Statutes of 1870, section 2816.

Now, the cause of the obligation sought to be enforced against the sheriff and his securities is not an act of omission or commission of some wrong on the part of the sheriff. Nor did the obligation sought to be enforced spring from an offense or quasi offense. It had its origin in a quasi contract. The moment the money fell into the hands of the sheriff, he incurred a legal obligation to preserve it, and to restore it to the owner at the end of the suit. In getting the money the sheriff certainly committed no act of misfeasance nor nonfeasance, nor an offense nor a quasi offense. Yet the very getting of it created the obligation now sought to be enforced. The plaintiff is now asking the sheriff to perform the obligation that he then incurred.

The difficulty in this case only arises from mistaking the reason for the suit for the cause of the obligation. The cause of the obligation is one thing, and the reason for the suit is another. The sheriff failed or refused to pay over the money; this was the reason for the suit, but not the cause of the obligation. The obligation existed long before there was any failure or refusal to pay over the money.

Hence the obligation, which the defendants insist is discharged by prescription, is not an obligation arising from the refusal or failure of

the sheriff to pay over money. It existed from the moment the sheriff received the money, and this suit is to compel the performance of that obligation.

Now, because the law allows the sheriff and his securities to prescribe against his acts of omission and commission, shall we extend that prescription to obligations arising from a quasi contract? I think not. Laws of prescription are *stricti juris*, and are never extended by implication.

I adhere to the opinion of this court on this question in Spalding & Rogers *v.* Walden, 23 An. 474; and I believe upon that authority and upon principle that the judgment of the majority of the court is wrong. I therefore dissent.