No. 4988.

STATE OF LOUISIANA *v.* LOUIS RANSON, Tax Collector, and his securities.

Certain blank licenses signed by the State Auditor, which were part of those delivered by him to the defendant, a tax collector, and for which the collector stood charged in the Auditor's books, were offered in evidence to show that neither said Ranson nor his sureties could be liable to pay for said licenses. The court *a qua* properly refused to admit them for the purpose for which they were offered., Nothing prevented the defendant from returning the licenses at the time of his settlement with the Auditor and receiving credit for them.

The prescription of two years pleaded in defense in this case applies to acts of omission and commission, misfeasance, nonfeasance etc., of the sheriff, as detailed in section 2816, Revised Statutes, and for which the sheriff and his sureties on his official bond are liable. The prescription pleaded does not apply to obligations arising *ex contractu.* The defendant and his sureties in this case were sued upon the sheriff's bond given for the collection of taxes.

APPEAL from the Fourth Judicial District Court, parish of St. Charles. *Flagg,* J. *Morris Marks,* District Attorney, for the State, plaintiff and appellee. *James D. Augustin, Julien Michel* and *N. St. Martin,* for defendants and appellants.

TALIAFERRO, J. This is a suit brought in the name of the State against a former sheriff of the parish of St. Charles, and his three sureties, on a bond for the collection of the taxes of that parish for the year 1867. Judgment was rendered against the sheriff for the sum of $8194 with legal interest from judicial demand; against two of the sureties for $3000 each with like interest, and against the other surety for $4000 with like interest from judicial demand.

The sheriff and Gassen, one of the sureties, have appealed. There are three bills of exceptions found in the record. The first relates to the fixing of the case by the district judge with preference on the day succeeding the one on which the case had been set for trial, but not reached that day. The judge subjoins to the bill of exceptions that no rule of that court prevented his action in the premises. No injury or inconvenience whatever is shown to have resulted to the defendants from the setting of the case for trial the next day. We think the objection was properly overruled.

The second bill of exceptions was taken to the admission in evidence of a certified copy from the recorder's office of the tax bond sued upon, it being objected to on the ground that Mallard, one of the sureties, had denied ever having affixed his mark to the bond as shown by the copy offered in evidence. As Mallard has not appealed, and the exception is personal to him, it is not necessary to pass upon this bill. The third bill of exceptions was taken to the refusal of the judge to receive in evidence certain blank licenses signed by the State Auditor, and which were part of those delivered to him by the Auditor, and for which he stood charged on his books. The court properly refused to

admit them for the purpose for which they were offered. Nothing prevented the defendant from returning the licenses at the time of his settlement with the Auditor and receiving credit for them.

The prescription of two years plead in defense in this case applies to acts of omission and commission, misfeasance, nonfeasance, etc., of the sheriff as detailed in section 2816, Revised Statutes, and for which the sheriff and his sureties on his official bond are liable. The prescription pleaded does not apply to obligations arising *ex contractu*. Defendant and his sureties in this case were sued upon the sheriff's bond given for the collection of taxes.

We find no merit in the defense. It is therefore ordered that the judgment of the district court be affirmed with costs.

Rehearing refused.