14 So.2d 622

STATE ex rel. JONES, Governor, et al. v. DOUCET et al.

No. 36844.

May 17, 1943.

Rehearing Denied June 21, 1943.

See, also, 199 La. 276, 5 So.2d 894; 202 La. 1074, 13 So.2d 353.

Eugene Stanley, Atty. Gen., W. C. Perrault, Second Asst. Atty. Gen., and R. H. Lee and M. E. Culligan, Sp. Asst. Attys. Gen., for appellants.

George M. Wallace and Wade O. Martin, Jr., both of Baton Rouge, and Grove Stafford and John L. Pitts, Jr., both of Alexandria, for appellees.

HAMITER, Justice.

D. J. Doucet, former sheriff of St. Landry Parish, and his surety, the Great American Indemnity Company, are impleaded as defendants in this action which has for its purpose the recovering of $25,473.30, being money that said former official allegedly misused and otherwise misappropriated from the Sheriff's Salary Fund during his tenure of office from May 29, 1936, to May 20, 1940.

The suit was instituted in the name of the State of Louisiana, on the relation of its Governor, through the Attorney General and through the Louisiana Crime Commission, for the use and benefit of the State of Louisiana and of its governmental subdivisions as their interests may appear.

The Sheriff's Salary Fund is designated as such and created by law, and out of it the sheriff pays the expenses of operating his office. It is composed of certain fees allowed the sheriff in handling criminal and civil matters and also of commissions on

various state, parish, school, levee and other taxes and on licenses collected by him.

The commissions on the licenses and taxes, as said in Section 5 of Act No. 156 of 1920, "shall be paid into the 'Sheriff's Salary Fund' as aforesaid, but in the event there is any portion thereof remaining at the end of each year the same shall be paid over to the recipients of the original taxes upon which the same were collected, in proportion to the amount of the original commissions paid by each recipient. The proportion of all other charges remaining unconsumed shall be turned into the general fund."

The theory underlying this action is that if the alleged irregularities had not occurred there would exist a surplus in the Sheriff's Salary Fund of St. Landry Parish to be remitted, in accordance with the quoted statutory provision, to the State of Louisiana and to its various taxing bodies of St. Landry Parish, such as the police jury and the school board, in proportion to the amount which each originally contributed. Most of this surplus, if it existed, would be refunded to the subdivisions, while only a small proportion would go to the state.

Defendants filed exceptions of no cause and no right of action under which they urge that: (1) The State of Louisiana cannot sue under the authority of Act No. 13 of 1940, known as the Crime Commission Act, because that statute is unconstitutional. (2) The interest of the State of Louisiana in the fund can be recovered only by a suit in the name of the Governor brought either by the Attorney General or the District Attorney. (3) No interest of the State of Louisiana is particularly alleged in the petition. (4) Every political subdivision of the Parish of St. Landry that levied taxes and contributed to the Sheriff's Salary Fund during the years 1936 to 1940, inclusive, is entitled to be refunded from the surplus; and the interest of each can be asserted only in a proper proceeding and in its own name.

Defendants also pleaded the prescription of two years under Revised Statutes, § 3546 (Dart's Statutes, Section 7477).

The district court sustained the exceptions of no cause and no right of action and dismissed the suit. Also it decreed that the plea of prescription filed by each defendant be maintained as to all alleged irregularities occurring over two years prior to the filing of this suit. From the judgment the State of Louisiana is prosecuting this appeal.

■ The statute that created the Louisiana Crime Commission (Act No. 13 of 1940) was declared unconstitutional in Stewart v. Stanley, 199 La. 146, 5 So.2d 531; therefore, the State is without right to bring suit through the Crime Commission and under the provisions of the statute creating that agency.

It is provided in Revised Statutes, § 3539 (Dart's Statutes, Section 7466) that:

"The bond may be put in suit against the sheriff and his securities, when in behalf of the State, by the Attorney General, or district attorney of the district, in the name of the Governor for the time

being, for the use of the State; and in all other cases in the name, for the use, and at the request of the party injured. The bond shall not become void by a first or any other recovery, but may be put in suit and recoveries had, as often as any breach of the conditions thereof shall happen; Provided, The securities shall not be liable for more than the penalty of the bond."

■ Directing attention to this statute, counsel for appellees argue that under it, in so far as the State's interest is concerned, the suit can be brought by the Attorney General or the District Attorney only in the name of the Governor, and that it does not authorize an action in the name of the State of Louisiana on the relation of the Governor as is here attempted. We find no merit in this argument. Perhaps a distinction between those two methods can be drawn, but certainly there exists no real difference. The Governor is the State's chief executive and in his official capacity he acts only for the State; hence, a suit brought in his name for the use of the State is in effect the same as one brought in the name of the State through or on the relation of the Governor. Applicable to the distinction is John Byrom's coined phrase of tweedle-dum and tweedle-dee.

■ It was not required of the State, for the purpose of alleging a cause of action, to particularize in the petition the interest to which it is entitled, as distinguished from that belonging to its subdivisions. The statute law fixes the interest of the State and it will be read into the petition.

The fourth contention made by defendants, through their exceptions of no cause and no right of action, is serious and more difficult of solution. Under it they insist that by reason of the above quoted provisions of Revised Statutes § 3539 (Dart's Statutes, Section 7466) and the jurisprudence of this State, suit for the recovery of the interests belonging to the Parish of St. Landry and its local taxing subdivisions, which contributed percentages of their taxes to the Sheriff's Salary Fund, can only be brought in the name, for the use and at the request of those respective entities; and they point out that such a procedure was not resorted to here.

Counsel for appellant, in interpreting the provisions of Revised Statutes, § 3539 (Dart's Statutes, Section 7466), say that "the first portion concluding with the word "'state'", just preceding the semi-colon, provides a method of recovery against a sheriff and his surety by the state, not only for itself but for its political subdivisions, and that the concluding portion reading "and in all other cases in the name, for the use, and at the request of the party injured" provides a method of vindicating the rights of any private individual, firm or corporation suffering any loss by reason of any illegal act of a sheriff." This interpretation, in our opinion, is incorrect.

■ It has long been settled in our jurisprudence that as a general rule the state is without authority to institute suit on a cause of action belonging to a political subdivision that possesses the right to sue and be sued. This was held in State v. Tensas Delta Land Company, Limited, 1910, 126

La. 59, 52 So. 216, 221, wherein the state, through the Attorney General, had sought to obtain the annulment of an alleged fraudulent sale of lands made by the Tensas Levee District (Board) to the defendant, Tensas Delta Land Company. In the course of the opinion on the original hearing, it was said:

"The argument that the said board is nothing more than a mere agency or instrumentality of the state, and that therefore the state may sue in every case where the said board might sue, contains a manifest non sequitur. Every city, town, and parish of the state is a mere agency or instrumentality of the state; but no one would venture to say that the Attorney General could ignore the existence of these corporations and enforce, in the name of the state, any cause of action which any of them might have.

"The legislative control over corporations of the character of this levee board is much more complete than over municipal corporations proper and parishes—it made them, and can at any time abolish them, so long as the obligations of their contracts are not thereby impaired—but these corporations have their existence and exercise their functions by and under the Constitution and statutes of the state, and so long as these established laws remain in force it is they which must regulate the property and other rights of said corporations and their modes of action, and the disposition of their property, and their rights to sue and to be sued. * * *"

And in denying the application for a rehearing the following was stated:

"The Legislature vested the absolute title to the lands in controversy in the Board of Commissioners of the Tensas Levee District, with full power to sell the same on such terms as the board might deem proper. The Legislature also vested in said board full power to sue and be sued, and to stand in judgment, in all matters relating to their gestion and trust. The board of commissioners could have brought the present suit to annul the alleged fraudulent sale and recover the lands. * * *.

"The General Assembly has the power at any time to authorize the Attorney General to institute actions for the use and benefit of the taxpayers and people of any particular levee district. But as the General Assembly has vested the power to sue and be sued in the Board of Commissioners of the Tensas Levee District, and has vested no such co-ordinate power in the Governor or Attorney General, we are of the opinion that the institution of this suit in the name of the state is unauthorized."

But counsel for appellant argue that the rule stated in the Tensas Land Company case has been modified by the provisions of Section 56 of Article 7 of the Louisiana Constitution of 1921, and also by decisions of this court in State ex rel. Porterie, v. Walmsley, et al., 181 La. 597, 160 So. 91, and State ex rel. Porterie, et al. v. Smith et al., 182 La. 662, 162 So. 413.

The mentioned constitutional section merely charges the Attorney General with the duty of representing the state in all legal matters in which it has an interest or to which it is a party. The state is not thereby granted an interest in claims be-

longing to its subdivision. Moreover, there was decided in 1927, since the adoption of the referred to constitutional provision, the case of State v. Standard Oil Company of Louisiana et al., 164 La. 334, 113 So. 867, 875, involving a claim urged by the Caddo Levee Board to certain lands. Therein the doctrine of the Tensas Land Company decision was quoted approvingly; and also the following language was used:

"* * * The board is a state agency, of course, just as any other subdivision incorporated by an act of the Legislature is a state agency; but the board has the right to sue and be sued, and it alone must assert its rights of action. The Attorney General has no right to sue for and in the name of the state on a cause or right of action possessed only by the levee board. * * *"

Neither do we think that the Walmsley and Smith cases, relied on by appellants, provide a modification of the rule. In the former there was proved and shown a sufficient interest in the state itself to authorize the Attorney General to bring the suit in its behalf; while in the latter the matter of whether or not the Governor and Attorney General were proper parties plaintiff appeared to be immaterial, this for the reason that the other parties joining in bringing the action were clearly entitled to maintain the suit for the protection of their alleged rights.

The Tensas Delta Land Company and Standard Oil Company of Louisiana cases, cited supra, are authority for the fundamental proposition that, in the absence of

constitutional or statutory provisions to the contrary, the state cannot stand in judgment on a cause of action that is the property of one of its political subdivisions which has the right to sue and be sued. Thus, under this doctrine, it is within the province of a school board or police jury, and not the state, to bring suit on a promissory note payable to it or to recover the proceeds of a fire insurance policy in which it is the named insured.

Of course, if a political subdivision should neglect or refuse to institute suit and to assert its rights as beneficiary of a claim, which is not shown to exist in the instant controversy, an altogether different situation would arise. Respecting a matter of that nature, the following language from the Tensas Delta Land Company decision, supra, is appropriate:

"Again, it is true that if the governing body of one of these corporations fails in its duty to bring a suit which clearly it ought to bring, the courts may (only, however, under highly exceptional circumstances) allow any citizen or taxpayer of the district to bring the suit; and, in such a case, the same privilege might for the same reason be extended to the state; but nothing of that kind is pretended in this case. * * *"

Reverting now to Revised Statutes, § 3539 (Dart's Statutes, Section 7466), which specifically provides the manner of suing on a sheriff's bond, we find that the "bond may be put in suit against the sheriff and his securities, when in behalf of the State, by the Attorney General, or district attorney of the district, in the name of the

Governor, for the time being, for the use of the State; and in all other cases in the name, for the use, and at the request of the party injured." This statute is not entirely free from ambiguity; however, it seems to distinguish between a claim in which the state is itself interested and one held by some other claimant. According to our construction, the state is thereby authorized to enforce by legal action the claim that itself has against the sheriff and his securities; but as to any other demand the suit must be brought in the name, for the use and at the request of the party in whose favor it exists. Hence, the statute, it is to be noticed, contains nothing in contradiction of the rule announced in the above described jurisprudence.

The fact that the sheriff's bond is made payable to the Governor of Louisiana, in accordance with the requirements of law, is no reason or authority for the state's bringing suit on claims owned by its political subdivisions. The Governor is so designated primarily as a matter of convenience, just as various other kinds of bonds name certain officials as the payees.

Accordingly, it is our conclusion that the State of Louisiana is entitled to recover herein that portion of the alleged surplus in the Sheriff's Salary Fund due and owing to it; but with respect to those funds belonging to its political subdivisions it has neither a cause nor right of action.

A legislative interpretation of Revised Statutes, § 3539 (Dart's Statutes, Section 7466), which agrees with our above stated construction, seems to have been furnished through and by means of the enactment of Act No. 300 of 1942. There such revised statute was amended and reenacted; and it now reads in part as follows:

"The bond may be put in suit against the sheriff and his securities by the attorney general or district attorney of the district in the name of the Governor for the use and benefit of the state and its political subdivisions, officers, boards and commissions, as it and/or their interests may appear, or in the name of the State of Louisiana through the Governor, for its own use and benefit and that of its political subdivisions, officers, boards and commissions, as it and/or their interest may appear, without the necessity of obtaining the consent of the Governor or of any such political subdivision, officer, board or commission, but solely on the initiative of the attorney general or district attorney; and, in all other cases, in the name, for the use, and at the request of the party injured. * * *"

The new enactment, in a concluding clause, states: "Provided that the provisions of this act shall not affect any suits presently pending in the courts of this State." By reason of this proviso, the quoted provisions are not applicable to the instant case.

Defendants' pleas of prescription of two years have as their basis the provisions of Revised Statutes, § 3546 (Dart's Statutes, Section 7477), which are identical with those found in Revised Statutes, §

2816 (Dart's Statutes, Section 2049) and read as follows:

"The sheriffs and their securities shall be able to. prescribe against their acts of misfeasance, nonfeasance, costs, offenses, and quasi-offenses, after the lapse of two years from the date of the omission or commission of the acts complained of."

Each of the cases of State v. Winfree's Securities, 12 La.Ann. 643 and State v. Ranson, 26 La.Ann. 125 involved an action for the recovery of tax money collected by a sheriff and tax collector and not accounted for, and it was therein held that the mentioned prescription was not applicable. The following was said in the latter decision:

"The prescription of two years plead in defense in this case applies to acts of omission and commission, misfeasance, nonfeasance, etc., of the sheriff as detailed in section 2816, Revised Statutes, and for which the sheriff and his sureties on his official bond are liable. The prescription pleaded does not apply to obligations arising ex contractu. * * *"

A plea of prescription of two years, predicated on the statute in question, was maintained in Hugh v. Hernandez, 25 La. Ann. 360; but that was a suit brought by an individual to recover private funds received by a sheriff through an execution sale. The alleged misuse or misappropriation of public funds was not involved.

. Pursuasive is the language found in Parish of Evangeline v. Guillory, 173 La. 732, 138 So. 649. That was a suit "for moneys alleged to be due the parish of Evangeline which the defendant received, or should have collected, in his official capacity as clerk of court for that parish, and for which he has failed to account." Of course, the case did not concern the prescriptive statute under consideration, but it is pertinent, in that there, as here, the demand was for the payment of public funds. The court stated:

" * * * It is our opinion that the right of the plaintiff to recover from such an agent is barred only by the prescription of ten years if barred at all. It would violate public policy, and to an extent actually disorganize government, to bar a suit against a public official for the recovery of any part of the public money received by him in his official capacity, except upon grounds that do not admit of serious debate. * * *"

It is significant that the statute relied upon by defendants does not name and include the act of malfeasance. After the lapse of two years, according to its provisions, the sheriffs and their securities shall be able to prescribe against their acts of misfeasance, nonfeasance, costs (obviously should be torts), offenses and quasi-offenses; but not against their acts of malfeasance.

█ Malfeasance is the unjust performance of some act which the party had no right, or which he had contracted not, to do. 2 Bouv.Law Dict., Rawles Third Rev., p. 2067; Black's Law Dictionary, 3rd Edition, page 1146; Glisson v. Biggio, 141 La. 209, 74 So. 907. It is the doing of an

act that is wholly wrongful and unlawful and which a person ought not to do at all. Ellett et al. v. Newland et al., 171 La. 1019, 132 So. 761.

Former Sheriff Doucet, in the conduct of his office, had no right and contracted not to misuse or misappropriate the funds belonging to the State of Louisiana and to its political subdivisions; but according to the allegations of the petition, which are governing in the present consideration of this controversy, he did that very thing in violation of his obligation and oath of office. That being true he committed an act of malfeasance for which the mentioned prescription does not apply.

For the reasons assigned the judgment of the district court maintaining the exceptions of no cause and no right of action is affirmed in so far as the State of Louisiana has brought this suit (1) through the Crime Commission and (2) for the use and benefit of its several governmental subdivisions. In all other respects the judgment is reversed and set aside, the exceptions of no cause and no right of action and the pleas of prescription of two years are overruled, and the case is remanded to the trial court for further proceedings according to law and in a manner not inconsistent with the views hereinabove expressed.

ODOM, J., absent.