The State of Louisiana, on the relation of its governor, instituted these proceedings against the former sheriff and ex-officio tax collector of Avoyelles Parish, George V. Saucier, to recover from him individually the sum of $13,426.73, and to recover, in solido with his bondsman, the American Surety Company of New York, the sum of $26,000, and is appealing from a judgment of the lower court dismissing the suit as to the surety on exceptions of no cause and no right of action filed by it after the payment to the state of the $6,000 face value of the sheriff's bond and the state's acceptance thereof on its own account and on behalf of the several governmental departments and subdivisions interested therein.
The allegations of the petition, the well-pleaded facts of which must be accepted as true for the purpose of disposing of the exceptions of no cause and no right of action, are that Saucier served as sheriff and ex-officio tax collector for the parish of Avoyelles from June 4, 1936, until June 1, 1940, furnishing, as required by law, his bond as sheriff in the sum of $6,000, and his bond as ex-officio tax collector in the sum of $20,000, the American Surety Company of New York being the surety on both of these bonds. It is also alleged that during his term of office he (1) illegally appropriated from the $1,351.38 collected by him as fees in civil and criminal matters and for costs of notices, $725.83 to his own use, and covered up a shortage in the tax collector's fund with the remaining $625.55; (2) illegally withdrew $26,459.45 *Page 957 
from the sheriff's salary fund, using $2,350.03 to defray his personal expenses, withdrawing $19,944.54 for his personal use without supporting it with vouchers, covering up a shortage in the tax collector's fund with $3,210.83, defraying the personal expenses of one of his deputies with $246.00, and paying various creditors with $708.05 without supporting the amounts with vouchers; and (3) illegally manipulated the payment of his personal notes for $3,308.33 and $8,358.69 by permitting these amounts to be charged against the sheriff's salary fund by the bank, such charge being made in the instance of the $8,358.69 loan after the sheriff's salary fund had been bolstered by a deposit of $12,645.73, included in which deposit was Saucier's check for $11,297.23, drawn on his account as the tax collector and purportedly representing his salary and commission as such.
The defendant contends that by the payment to the state of the full amount of $6,000, it discharged all of its liability under Saucier's bond as sheriff, and that it cannot be held liable under Saucier's bond as tax collector for his actions as sheriff.
The state's contention, on the other hand, is that Saucier's bond as tax collector secures that portion of the sheriff's salary fund (created by Act No. 156 of 1920, Section 5 thereof requiring that "any portion thereof remaining at the end of each year * * * shall be paid over to the recipients of the original taxes upon which the same were collected, in proportion to the amount of the original commissions paid by each recipient,") *Page 958 
composed of taxes collected by him (being about 90% of such fund), the surety being liable to that extent because these funds did not lose their identity as such by being called commissions under the statute or by being deposited in the sheriff's fund with funds secured through his capacity as sheriff, and, in any event, that the surety is liable for that portion of the sheriff's salary fund used to cover shortages in the funds of the tax collector.
Saucier, in compliance with the provisions of Section 65 of Article VII of the Constitution of 1921, Section 3 of Act No. 52 of 1880, and Section 6 of Act No. 170 of 1898, furnished two bonds, one in his capacity as sheriff, in the amount of $6,000, conditioned that he "well and faithfully discharge and perform the duties incumbent on him as sheriff of the Parish of Avoyelles, and * * * well and truly execute and make returns, according to law, of all such writs, orders and process as shall come into his hands as sheriff aforesaid to the persons entitled by law to the same, and * * * faithfully do and perform all other duties as may be required of him by law," the other, in his capacity as tax collector, in the sum of $20,000, and conditioned that he "well and faithfully discharge and perform the duties incumbent on him as ex-officio tax collector, and for the just and full payment into the State and Parish treasuries of all sums of money for the Parish of Avoyelles, that may come into his possession as tax collector."
It is to be noted that under the express provisions of section 6 of Act No. 170 of *Page 959 
1898, the bond of the sheriff as ex-officio tax collector is conditioned that he "faithfully and promptly pay into the State Treasury all licenses and taxes collected to him, less his lawfulcommission." The commissions referred to in this section are, under the provisions of Section No. 3 of Act No. 156 of 1920 (as amended by Act No. 35 of the Second Extra Session of 1934, Act No. 76 and 262 of 1936, and Act No. 17 of 1938), deducted from the taxes collected and paid into the sheriff's salary fund. See Section 7507 of Dart's (Italics ours.)
Thus it may be seen that under the express provisions of law, the liability of the surety on the sheriff's bond as tax collector is limited to the faithful and prompt payment into the state treasury of all licenses and taxes collected by him, lessthe commissions allowed by law and paid into the sheriff's salaryfund, and we cannot extend the obligation of the surety beyond this statutory limitation.
But the conclusion is inescapable from the state's allegation that the former sheriff used the sheriff's salary fund to cover various shortages in his tax collections that he failed to faithfully and promptly pay into the state and parish treasuries all of the licenses and taxes collected by him, and, in our opinion, the *Page 960 
surety is liable on Saucier's bond as tax collector for these items. However, under section 3539 of the Revised Statutes (Dart's 7466), the suit the attorney general is authorized to bring against the sheriff is on behalf of the state only and must be brought in the name of the governor; in all other cases, the suit must be brought "in the name, for the use, and at the request of the party injured." See State v. Doucet, 14 So.2d 622,[1]
handed down by this court on May 17, 1943. Consequently, to the extent of the state's interest in the amounts withdrawn from the sheriff's salary fund to cover shortages in the tax collector's account, the exceptions must be overruled.
For the reasons assigned, the judgment of the lower court maintaining the exceptions of no cause and no right of action in so far as the state's interest in the amounts allegedly withdrawn by the sheriff from his salary fund to cover the defendant's shortages in his tax collections is concerned is overruled; in all other respects it is affirmed. The costs of this appeal are to be borne by the appellees, all other costs are to await the final outcome of the litigation.
ODOM, J., absent.
[1] 203 La. 743. *Page 961