McDonald, j.
laThis is an appeal from a district court judgment sustaining an exception raising the objection of no right of action.[1] For the foregoing reasons, we affirm the district court judgment in part, reverse in part, and remand the case for further proceedings.
RELEVANT FACTS AND PROCEDURAL HISTORY
On September 11, 2013, the State of Louisiana, through the Attorney General, James D. “Buddy” Caldwell,[2] filed suit against pharmaceutical manufacturers, distributors, marketers, and sellers, namely Abbott Laboratories, Inc., Abbott Pharmaceuticals; Actavis, Inc., Activis Mid-Atlantic, L.L.C., Andrx Laboratories, Inc., Anip Acquisitions Company, Auriga Pharmaceuticals, L.L.C., Blansett Pharmacal Company, Inc., Boca Pharmacal, Inc., Breckenridge Pharmaceuticals, Inc., Camline, L.L.C., Caraco Pharmaceuticals Laboratories, Ltd., Centrix Phamaceuticals, Inc., Cornerstone Therapeutics, Inc., E. Clair-borne Robins Company, Inc., Edwards Pharmaceuticals, Inc., Ferndale Laboratories, Inc., Glenmark Pharmaceuticals, Inc., Inc., Harvard Drug Group, L.L.C., Major Pharmaceuticals, Inc., Rugby Laboratories, Inc., Hi-Tech Pharmacal Company, Inc., Jaymac Pharmaceuticals, L.L.C., Kenwood Therapeutics, Bradley Pharmaceuticals, Inc., Larken Laboratories, Inc., Laser Pharmaceuticals, L.L.C., Marnel Pharmaceuticals, Inc., MCR American Pharmaceuticals, Inc., Meda Pharmaceuticals, Inc., Midlothan Laboratories, Inc., Mylan, Inc., Mylan Laboratories, Inc., My-lan Pharmaceuticals, Inc., Pernix Therapeutics Holdings, Inc., Cypress Pharmaceuticals, Inc., Hawthorn Pharmaceuticals, Inc., Zyber 14Pharmaceuticals, Inc., Poly Pharmaceuticals, Inc., Prasco Laboratories, Propst Distribution, Inc., Qualitest Pharmaceuticals, Inc., Endo Pharmaceuticals, Inc., Rivers Edge Pharmaceuticals, L.L.C., Shionogi, Inc., Teamm Pharmaceuticals, Inc., Accentia, Inc., Teva Pharmaceuticals USA, Inc., Goldline Laboratories, Inc., Copley Pharmaceuticals, Inc., Teva Women’s Health, Inc., United Research Laboratories, Inc., Vision Pharma, L.L.C., Warner Chilcott Corporation, and Wraser Pharmaceuticals, L.L.C. (the defendants).
The State alleged that the defendants had engaged in an unlawful and deceptive scheme to receive Medicaid payments for drugs that were not eligible for Medicaid payments. The State raised claims under the Louisiana Unfair Trade Practice ACT (LUTPA), La. R.S. 51:1401, et seq., and the Louisiana Medical Assistance Programs Integrity Law (MAPIL), La. R.S. 46:437.1, et seq., as well as claims for fraud, negli *387 gent misrepresentation, redhibition, and unjust enrichment. The State prayed for an accounting of the profits or gains from the unlawful scheme, as well as damages, statutory fines, penalties, attorney fees, costs, and all other equitable relief.
On October 15, 2013, the defendants filed a notice of removal of the matter to the United States District Court for the Middle District of Louisiana, invoking an automatic stay of the proceedings. See 28 USC § 1446(d). On September 30, 2014, the United States District Court for the Middle District of Louisiana signed a ruling ordering that the matter be remanded to the Nineteenth Judicial District Court.
On July 17, 2015, the defendants filed joint peremptory exceptions raising the objections of no right of action and no cause of action. The State opposed the exceptions. A hearing was held on the exceptions on September 21, 2015. Thereafter, on October 2, 2015, the district court signed a judgment in favor of the defendants and against the State, sustaining the exception raising the objection of |fino right of action, and dismissing the suit.[3] The State has appealed that judgment.
In its sole assignment of error, the State asserts that the district court erred in sustaining the defendants’ exception raising the objection of no right of action after determining that the Department of Health and Hospitals (DHH),[4] as opposed to the State, is the real party in interest in this litigation.
STANDARD OF REVIEW
Whether a plaintiff has a right of action is ultimately a question of law; therefore, it is reviewed da novo on appeal. Torbert Land Co., L.L.C. v. Montgomery, 2009-1955 (La.App. 1 Cir. 7/9/10), 42 So.3d 1132, 1135, writ denied, 2010-2009 (La. 12/17/10), 51 So.3d 16.
DISCUSSION
The State asserts that clear constitutional and statutory authority, as well as the jurisprudence, mandate that the State is the real and actual party in interest in this litigation. The defendants maintain that the district court correctly recognized that the State cannot pursue claims that, by law, belong to a state agency. Defendants note that while the petition alleges that the defendants made false statements that were transmitted to DHH, and that DHH was harmed when it relied on those statements in making reimbursement decisions, DHH did not file the action. The defendants assert that the State, represented by the Attorney General, purported to bring the action in its own name in order to circumvent the prescriptive periods that would apply if DHH were the plaintiff.
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The | (¡function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Industrial Companies, Inc. v. *388 Durbin, 2002-0665 (La. 1/28/08), 837 So.2d 1207, 1216.
In the absence of constitutional or statutory provisions to the contrary, the State cannot bring a cause of action that is the property of one of its political subdivisions which has the right to sue and be sued. State ex rel. Jones v. Doucet, 203 La. 743, 14 So.2d 622, 625 (1943), citing State v. Tensas Delta Land Co., Ltd., 126 La. 59, 52 So. 216, 221 (1910) and State v. Standard Oil Co. of La., 164 La. 334, 113 So. 867, 875 (1927).
The status of DHH is provided for by La. R.S. 36:251, which states in part:
A. The Department of Health and Hospitals is created and shall be a body corporate with the power to sue and be sued.
Moreover, DHH is specifically authorized to file suit on behalf of the Medical Assistance Program (Medicaid). La. R.S, 36:254(D)(2)(d).
The extensive powers of the Attorney General are provided for in La. R.S. 13:5036, which states in part:
The attorney general may institute and prosecute any and all suits he may deem necessary for the protection of the interests and rights of the state.
In the area of consumer protection, Louisiana Revised Statute 51:1404 provides for the powers of the Attorney General in part:
A. The Louisiana Attorney General’s Office, Public Protection Division, Consumer Protection Section shall have the following powers and duties:
(l)(a) To investigate, conduct studies and research, to conduct public or private hearings into commercial and trade practices in the distribution, financing and furnishing of goods and services to or for the use of consumers.
(b) In the furtherance of the above, the attorney general shall notify said seller, distributor, packer, or manufacturer who shall have the right to put on the record any and all pertinent information that may 17substantiate the commercial or trade practice and shall have the right of cross examination.
(c) Public disclosure shall not be made of any trade secret and commercial or financial information obtained from a person which is of a privileged or confidential nature.
(2) To suggest means of securing adequate consumer representation on public boards and commissions;
(3) To advise the governor and the legislature on matters affecting consumer interests, and to assist in developing executive policies, and to develop, draft and prepare legislative programs to protect the consumer;
(4) To promote consumer education;
[[Image here]]
(6) To do such other acts as are necessary and incidental to the exercise of the powers and functions of the section.
B. The attorney general may receive information and documentary material and may receive and otherwise investigate complaints with respect to acts or practices declared to be unlawful by this Chapter or other laws of this state and inform the public with respect thereto. The attorney general may institute legal proceedings and take such other actions provided for herein or which are necessary or incidental to the exercise of his powers and functions.
Further, the LUTPA and MAPIL statutes grant more specific powers to the Attorney General.

*389
Louisiana Unfair Trade Practices Act

Louisiana Revised Statute 51:1405 provides in part:
A. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby rendered unlawful.
Louisiana Revised Statute 51:1407 provides in part:
A. Whenever the attorney general has reason to believe that any person is using, has used, or is about to use any method, act, or practice declared by R.S. 51:1405 to be unlawful, he may bring an action for injunctive relief in the name of the state against such person to restrain and enjoin the use of such method, act, or practice. ...
B. In addition to the remedies provided herein, the attorney general may request and the court may impose a civil penalty against any person found by the court to have engaged in any method, act, or | spractice in Louisiana declared to be unlawful under this Chapter. In the event the court finds the method, act, or practice to have been entered into with the intent to defraud, the court has the authority to impose a penalty not to exceed five thousand dollars for each violation.
Louisiana Revised Statute 51:1408 provides in part:
A. The court may issue such additional orders or render judgments against any party, as may be necessary to compensate any aggrieved person for any property, movable or immovable, corporeal or incorporeal, which may have been acquired from such person by means of any method, act, or practice declared unlawful by R.S. 51:1405, whichever may be applicable to that party under R.S. 51:1418. Such orders shall include but not be limited to the following:
(1) Revocation, forfeiture, or suspension of any license, charter, franchise, certificate, or other evidence of authority of any person to do business in the state.
(2) Appointment of a receiver.
(3) Dissolution of domestic corporations or associations.
(4) Suspension or termination of the right of foreign corporations or associations to do business in this state.
(5) Restitution.
B. Unless otherwise expressly provided, the remedies or penalties provided by this Chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state.
Louisiana Revised Statute 51:1416 provides:
In addition to remedies for contempt of court otherwise provided by law, any person who violates the terms of an injunction issued under R.S. 51:1407 or 1408, or an assurance of voluntary compliance as authorized under R.S. 51:1410, may be required to pay to the state treasurer a civil penalty of not more than five thousand dollars per violation. For the purposes of this Section, the district court issuing an injunction shall retain jurisdiction and the attorney general acting in the name of the state may petition for recovery of civil penalties provided in this Section.
Thus, LUTPA expressly gives the Attorney General the right to bring an action for injunctive relief (La. R.S. 51:1407A) and request civil penalties (La. R.S. 51:1407B) and restitution (La. R.S. 51:1408(5)).[5] Therefore, the Attorney *390 |9General has a right of action to bring its claims under LUTPA.

The Medical Assistance Programs Integrity Law

Louisiana Revised Statute 46:437.2 provides:
A. This Part is enacted to combat and prevent fraud and abuse committed by some health care providers participating in the medical assistance programs and by other persons and to negate the adverse effects such activities have on fiscal and programmatic integrity.
B. The legislature intends the secretary of the Department of Health and Hospitals, the attorney general, and private citizens of Louisiana to be agents of this state with the ability, authority, and resources to pursue civil monetary penalties, liquidated damages, or other remedies to protect the fiscal and programmatic integrity of the medical assistance programs from health care providers and other persons who engage in fraud, misrepresentation, abuse, or other ill practices, as set forth in this Part, to obtain payments to which these health care providers or persons are not entitled.
Thus, MAPIL expressly gives the Attorney General a right of action to pursue civil monetary penalties, liquidated damages, or other remedies in order to protect the fiscal and programmatic integrity of the medical assistance programs under La. R.S. 46:437.2B.
Therefore, as the Legislature has expressly given the Attorney General the right to bring its claims under both LUT-PA and MAPIL, we reverse the district court’s judgment sustaining the exception of no right of action as to the State’s claims pursuant to both LUTPA and MA-PIL. However, the State has not pointed out to this court, and we have not found, authority for the State to bring its claims outside of LUTPA and MAPIL for fraud, negligent misrepresentation, redhibition, and unjust enrichment. The right to bring those actions belongs to the state agency, in this case DHH. Thus, we affirm that portion of the district court judgment sustaining the exception raising the objection of no right of action as to the State’s claims for fraud, negligent misrepresentation, redhibition, and unjust enrichment outside of LUPTA and MAPIL.
^CONCLUSION
For the foregoing reasons, that portion of the district court judgment sustaining the exception raising the objection of no right of action as to the State’s claims for fraud, negligent misrepresentation, redhi-bition, and unjust enrichment is affirmed. That portion of the district court judgment sustaining the exception raising the objection of no right of action as to the State’s claims brought under the Louisiana Unfair Trade Practices Act and the Medicare Assistance Programs Integrity Law is reversed, and the matter is remanded to the district court for further proceedings. The writ is denied as moot. The costs of this appeal are assessed against the defendants.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED; WRIT DENIED AS MOOT.

. The State filed both an appeal and a writ application from the judgment which was signed on October 2, 2015. The State has not disputed that the judgment is a final, appeal-able judgment. We have taken up the judgment on appeal; thus, the writ is moot, and is denied.

. On January 11, 2016, Buddy Caldwell was succeeded in office as the Attorney General of Louisiana by Jeffrey "Jeff” Landry.

. Silence as to any issue that was placed before the court is deemed a rejection of that demand or issue. Hooper v. Wisteria Lakes Subdivision, 2013-0050 (La.App. 1 Cir. 9/13/13), 135 So.3d 9, 20 n.14, writ not considered, 2013-2433 (La. 1/27/14), 130 So.3d 954. The district court did not address the exception raising the objection of no cause of action, thus, ''the silence in the judgment as to the objection of no cause of action is deemed a denial of that issue [or demand, or exception].”

. DHH has since been renamed the Department of Health. 2016 La. Acts 300, § 1, eff. June 2, 2016, amending La. R.S. 36:251.

. We note that in the case of fraud against the elderly or the disabled, enhanced civil penalties may be imposed pursuant to La. R.S. 51:1407C and D,