WELCH, J., concurring in part and dissenting in part.
I agree with the majority opinion insofar as it determines that the State of Louisiana has a right of action against AstraZeneca under LUTPA; that AstraZeneca's peremptory exception raising the objection of no right of action should have been overruled; that State v. Abbott Laboratories, Inc., 2015-1854, 2015-1626 (La. App. 1st Cir. 10/21/16), 208 So.3d 384, writs denied, 2017-0125, 2017-0149 (La. 3/13/17), 216 So.3d 802, 808, should be overruled to the extent that it recognized a partial objection of no right of action when the claims arise from the same set of operative facts; and that the portion of the judgment sustaining AstraZeneca's objection of no right of action should be reversed. However, I disagree with the majority opinion insofar as it reverses that portion of the judgment of the trial court sustaining AstraZeneca's objection of no cause of action and I disagree with the majority's reasoning that AstraZeneca's objection of no cause of action was essentially one of no right of action. Based on my review of the State's petition, and accepting the well-pleaded facts set forth therein as true, I find that the State has failed to state a cause of action against AstraZeneca for alleged violations of the Monopolies Act, LUTPA, and unjust enrichment.
Pursuant to the Monopolies Act, "no person shall monopolize, or attempt to monopolize, or combine or conspire with any person to monopolize any part of the trade or commerce within this state." La. R.S. 51:123. LUTPA outlaws unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. See La. R.S. 51:1405. As to unjust enrichment, La. C.C. art. 2298 provides that a person who has been enriched without cause at the expense of another person is bound to compensate that person, with the term "without cause" excluding cases in which the enrichment results from a valid juridical act or the law. Furthermore, the remedy of unjust enrichment is subsidiary and is not available if the law provides another remedy for the impoverishment or declares a contrary rule. Id.
As set forth in the State's petition, its claims against AstraZeneca are based on its "indirect purchases" of Toprol-XL. However, the State, as an indirect purchaser, cannot state a cause of action against AstraZeneca for alleged violations of either the Monopolies Act or LUTPA. See Illinois Brick Co. v. Illinois, 431 U.S. 720, 728-729, 97 S.Ct. 2061, 2066, 52 L.Ed.2d 707 (1977) (holding that only a direct purchaser may bring an action under the federal anti-trust statute and that indirect purchasers are not entitled to recover);
*50 Free v. Abbot t Laboratories, Inc., 176 F.3d 298, 301 n.9 (5th Cir. 1999) and Southern Tool & Supply, Inc. v. Beerman Precision, Inc., 2001-1749 (La. App. 4th Cir. 5/1/02), 818 So.2d 256, 261, writs denied, 2002-1509, 2002-1515, and 20021531 (La. 9/20/02), 825 So.2d 1177, 1178, and 1179 (indicating that Louisiana courts would follow the federal indirect purchaser rule); Federal Trade Com'n v. Mylan Laboratories, Inc., 99 F.Supp.2d 1, 7 (D.D.C. 1999) (affirming the dismissal of the State's claims for damages, on behalf of indirect purchasers, based on violations of the Monopolies Act and LUTPA in accordance with the holdings of Illinois Brick Co. and Free v. Abbot Laboratories ).
In addition, the State cannot state a cause of action for violations of either the Monopolies Act or LUTPA based on operative facts (or the activities of AstraZeneca) that occurred outside of the geographic boundaries of Louisiana, i.e. , the filing of patent applications and the infringement lawsuits that were instituted in Missouri and Delaware. See La. R.S. 51:121 and 51:122 (prohibiting the restraint of trade or commerce in this state, with commerce defined as trade or commerce within the geographic boundaries of this state) and La. R.S. 51:1405 (prohibiting unfair or deceptive acts or practices in the conduct of any trade or commerce).
Lastly, with respect to the State's claims based on unjust enrichment, the plaintiffs sought unjust enrichment damages because AstraZeneca financially "benefit[ted] from the monopoly profits on their sales of Toprol-XL" and their "unlawful scheme and anti-competitive conduct" to the economic detriment of the State. Since the State, as an indirect purchaser, cannot state a cause of action against AstraZeneca under either the Monopolies Act or LUTPA, the State cannot employ a subsidiary unjust enrichment claim to circumvent this rule. See Coastal Environmental Specialists, Inc. v. Chem-Lig Intern., Inc. 2000-1936 (La. App. 1st Cir. 11/9/01), 818 So.2d 12, 19 and Aikens v. Microsoft Corp., 159 Fed.Appx. 471, 477 (4th Cir. 2005). As such, the State has failed to state a cause of action for unjust enrichment.
Accordingly, the trial court correctly sustained AstraZeneca's peremptory exception raising the objection of no cause of action and I would affirm that portion of the judgment of the trial court.
Thus, I respectfully concur in part and dissent in part.
HOLDRIDGE, J., CONCURS WITH THE RESULT, AND ASSIGNS REASONS.
I concur with the result. I think the majority is in error in finding that "this court [does] not recognize [a] partial exception of no cause of action[.]" I agree that prior to 1997, the cases did not allow a judgment granting only a partial exception of no cause of action. See Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234, 1235 (La. 1993). However, in 1997, the legislature authorized a partial judgment which "sustains an exception in part." La. C.C.P. art. 1915(B)(1). "This amendment ... authorizes a judgment granting a partial exception of no cause of action; importantly, this amendment provides certainty as to the immediate appealability of such a judgment." Frank L. Maraist, Louisiana Civil Law Treatise: Civil Procedure, Vol. I, § 6.7, pp. 172-173 (2d ed. 2008). As stated in Castille v. Louisiana Medical Mut. Ins. Co. , 2014-519 (La. App. 3 Cir. 11/5/14), 150 So.3d 614, 618, "[a] partial judgment on an exception of no cause of action should not be rendered to dismiss only one theory of recovery out of several within a single cause of action. However, a partial judgment on an exception of no cause of action may be rendered *51 to dismiss one of several separate causes of action." In this case, from the face of the petition and without reference to any additional facts, I agree with the majority that the peremptory exceptions raising the objection of no cause of action should have been denied.